Terry Lee SHELLY, Petitioner,

v.

COMMONWEALTH OF PENNSYLVANIA, Respondent.

Civ. A. No. 78–415.

United States District Court, M. D. Pennsylvania.

June 7, 1978.

Janavitz, Janavitz & Kanfoush, Carl Max Janavitz, Pittsburgh, Pa., John Willis Beach, Gettysburg, Pa., Bertrum W. Sandler, Towson, Md., for petitioner.

Gary E. Hartman, Dist. Atty. of Adams County, Gettysburg, Pa., for respondent.

## MEMORANDUM

HERMAN, District Judge.

The matter before the Court is the Commonwealth's Motion For Remand which will be granted.

Terry Lee Shelly petitioned this Court for removal of a civil action against him and others which had been initiated in the Court of Common Pleas of Adams County, Pennsylvania and which alleged that the Defendants there had violated and were continuing to violate an obscenity statute and praying for an injunction enjoining the Defendants from further conduct which would violate § 5903(g) of the Pennsylvania Crimes Code. A jury trial was held on May 3, 1978 but Shelly had already removed the matter *as to him* to this Court and the proceedings in Adams County proceeded to judgment against Good Times Sales Co., Devil's Den Adult Bookstore and Cheoap's Corporation, and they were enjoined from continuing to violate the said law.

Shelly avers as grounds for removal a violation of his civil rights under 28 U.S.C. § 1443 and 28 U.S.C. § 1441(b). Section 1443 provides:

> "Any of the following civil actions . . . commenced in a State court may be removed by the defendant to the district court of the United States . . . .:
>
> > (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;"

> . . . . .

It is clear that § 1443 does not apply to this case for there is no allegation that the state action has anything to do with racial equality which is essential for removal under that section.[1] *See also Tennessee*

---

1. In the case of *Georgia v. Rachel*, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966) in speaking of § 1443 of Title 28, the Supreme Court said:

*ex rel. Davis v. Market Street News*, D.C., 357 F.Supp. 74 (1973), a case on all fours with the instant matter.

■■ It seems equally clear that under the facts alleged in the removal petition the case cannot be removed under § 1441(b) either. It cannot be disputed that to remove an action from state court to federal court under this section, and on the facts alleged here, it is first necessary that such action could have originally been brought in a federal court.

As far as pertinent here, 28 U.S.C. § 1343 provides:

"The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

.    .    .    .    .

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States .   .."

.    .    .    .    .

Shelly presented this theory of removal alleging violation of his rights under the First, Fourth, Sixth and Fourteenth Amendments to the United States Constitution but cited no cases supporting his theory.[2]

■ We may concede without deciding that he could have *initially brought* such a case in this Court but this is not sufficient to warrant *removal to* this Court of a suit

for injunctive relief brought by a state officer purporting to act pursuant to the state's recently enacted obscenity laws.

Section 1441(b) of Title 28 U.S.C. provides in part:

"(b) Any civil action of which the district courts have original jurisdiction *founded on a claim or right arising under the Constitution* .   .   . shall be removable without regard to the citizenship or residence of the parties. .   .   ." (emphasis added)

.    .    .    .    .

Before an action begun in a state court can be *removed* to a federal district court it is necessary that such action could have *originally* been brought in a federal court. *Gully v. First National Bank*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); *Oklahoma ex rel. Wilson v. Blankenship*, 10 Cir., 447 F.2d 687 (1971) *cert. denied*, 405 U.S. 918, 92 S.Ct. 942, 30 L.Ed.2d 787; *Crow v. Wyoming Timber Products Co.*, 10 Cir., 424 F.2d 93 (1970).

■ The claimed constitutional right must be an essential element of the plaintiff's cause of action and this must be disclosed in plaintiff's complaint. It is clear in the instant case that the Commonwealth's action against Shelly was based on the Pennsylvania Criminal Code and not on any federal law at all. As Justice Holmes said in *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260, 36 S.Ct. 585, 586, 60 L.Ed. 987 (1916) "A suit arises under the law that creates the cause of action."

"(6) Section 1443(1) entitles the defendants to remove these prosecutions to the federal court only if they meet both requirements of that subsection. They must show both that the right upon which they rely is a 'right under any law providing for .   .   . equal civil rights', and that they are 'denied or cannot enforce' that right in the courts .   .   . [state court]."
The Court then goes on to say:
"(9) On the basis of the historical material that is available, we conclude that the phrase 'any law providing for .   .   . equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality. Thus, the defendants' broad contentions under the First

Amendment and the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under § 1443, because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that § 1448 demands." .   .   .

**2.** It should be noted that the person seeking removal has the burden of proof and if any doubt exists that doubt should be resolved in favor of a remand. It should also be remembered that Federal District Courts are courts of limited jurisdiction and the burden to show such jurisdiction is on the defendant seeking to remove a case to the federal courts.

902

We conclude that the case was removed improvidently and without jurisdiction and therefore that the petition for removal must be denied and that the case must be remanded to the Court of Common Pleas of Adams County, Pennsylvania, and just costs shall be paid by Terry Lee Shelly.