**TOWNSHIP OF SPRINGFIELD**

v.

**PAN AM CORPORATION.**

**Civ. A. No. 80–2588.**

United States District Court,
E. D. Pennsylvania.

Sept. 10, 1980.

Ronald J. Klimas, Murray S. Eckell, Eckell, Sparks, Vadino, Auerbach & Monte, Media, Pa., for plaintiff.

Garland D. Cherry, Kassab, Cherry, Curran & Archbold, Media, Pa., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

The plaintiff, Springfield Township of Delaware County, Pennsylvania (Town-

ship), has filed a motion to remand this action back to the state court. The defendant, Pan Am Corporation (Pan Am), removed this action to this court from the Court of Common Pleas of Delaware County, Pennsylvania pursuant to 28 U.S.C.A. § 1441.[1] For the reasons hereinafter set forth, the Township's motion to remand will be granted.

The complaint was filed by the Township in the state court on June 23, 1980. It is a complaint in equity in which the Township is seeking to enjoin Pan Am from using a residence leased by Pan Am for the purpose of housing three mentally retarded children. The complaint alleges that the leased premises are in an area zoned "residential" and that Pan Am intended to use the property for a commercial activity which violated the zoning ordinance. The Township also claims that Pan Am violated the building code of the Township in that a certificate of occupancy had not been obtained. The state court judge held a hearing on June 25, 1980 and entered a preliminary injunction on June 27, 1980.[2]

Pan Am filed a petition for removal on July 3, 1980.[3] Pan Am states in this petition that it entered into an agreement with Delaware County to provide a community living arrangement for certain retarded residents of Delaware County pursuant to this

court's order in *Halderman v. Pennhurst*, D.C., 446 F.Supp. 1295, which is presently on our docket. The property which is the subject of this action was leased by Pan Am in order to establish a residence for not more than three retarded children. Pan Am claims that its proposed use of the property does not violate the zoning ordinance.

The burden is on Pan Am to prove that removal is proper. *Jones v. General Tire & Rubber Co.*, 541 F.2d 660 (7th Cir. 1976); *Shelly v. Commonwealth of Pennsylvania*, 451 F.Supp. 899 (M.D.Pa.1978). Pan Am claims that removal of this action to this court is proper under 28 U.S.C.A. § 1441 on the grounds that: (1) it has a right under the Constitution and laws of the United States to so use the premises; and (2) this matter is directly related to *Halderman v. Pennhurst*, D.C., 446 F.Supp. 1295, which is currently on this court's docket.

■ The Supreme Court has stated that a federal district court may assume jurisdiction of an action removed from a state court only when the federal court:

would have had original jurisdiction of the case had it been filed in that court. *Grubbs v. General Electric Credit Corp.*, 405 U.S. 699, 702, 92 S.Ct. 1344, 1347, 31 L.Ed.2d 612 (1972).

1. 28 U.S.C.A. § 1441 provides:
   (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
   (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.
   (c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non–removable claims or causes of action, the entire case may be

removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

2. Upon removal of an action from state court, an injunction entered by a state court "shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C.A. § 1450; *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974).

3. Pan Am has complied with the requirements of 28 U.S.C.A. § 1446(b), which provides:
   The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based  .   .   ..

Furthermore, "federal question jurisdiction must appear on the face of the complaint." *LaChemise Lacoste v. Alligator Co.*, 506 F.2d 339, 343 (3d Cir. 1974), *cert. denied*, 421 U.S. 937, 95 S.Ct. 1666, 44 L.Ed.2d 94 (1975); *PAAC v. Rizzo*, 502 F.2d 306 (3d Cir. 1974), *cert. denied*, 419 U.S. 1108, 95 S.Ct. 780, 42 L.Ed.2d 804 (1975); *see* 14 *Wright & Miller, Federal Practice and Procedure* § 3721, at 530 (1976). An action is not removable when the federal question is a defense which appears only in the answer or petition for removal. *LaChemise, supra.* In order for Pan Am to carry its burden, the complaint must contain the allegations which would establish federal jurisdiction.

An examination of the complaint filed in the state court does not reveal a basis for federal jurisdiction. In the complaint, the Township alleges that the proposed use of the premises by Pan Am is a violation of the local zoning ordinance and building code. These allegations do not establish federal question jurisdiction; they assert violations of state law.

Pan Am's allegations concerning a violation of the Constitution and laws of the United States may well be a defense to the Township's action, but they cannot serve as a basis for removal to this court pursuant to 28 U.S.C.A. § 1441. Furthermore, although this court's decision in *Halderman v. Pennhurst*, 446 F.Supp. 1295, which is currently on our docket, establishes the rights of retarded citizens to reside in community living arrangements, it did not determine questions concerning the rights of the retarded in relation to local zoning ordinances and building codes.

Accordingly, this court will enter an order granting the Township's motion to remand this action to the Court of Common Pleas of Delaware County since, as heretofore pointed out, Pan Am's allegations of federal question jurisdiction are matters of defense and do not appear in the complaint.