**BOARDWALK REGENCY CORP., Plaintiff,**

v.

**Sheldon KARABELL, Defendant.**

**Civ. A. No. 89-2574.**

United States District Court,
D. New Jersey.

Sept. 21, 1989.

Cooper, Perskie, April, Niedelman, Wagenheim & Levenson, P.A., Atlantic City, N.J. by Lloyd D. Levenson, for plaintiff.

Dolchin, Slotkin & Todd, Haddonfield, N.J. by Dennis L. Scanlon, Andrea Smith, for defendant.

## OPINION

COHEN, Senior District Judge:

Defendant, Sheldon Karabell, M.D., a resident of Huntington Valley, Pennsylvania, moves to transfer this action to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404. The action was originally filed in the Superior Court of New Jersey, Atlantic County, and removed by defendant to this Court pursuant to 28 U.S.C. § 1446. Plaintiff, Boardwalk Regency Corporation, owner of the Caeser's on the Boardwalk Hotel and Casino requests remand for lack of subject matter jurisdiction due to a failure to satisfy the jurisdictional amount requirement of 28 U.S.C. § 1332. For the reasons that follow, we remand to the Superior Court of New Jersey, Atlantic County.

### I. *Factual Background and Procedural History*

Dr. Sheldon Karabell ("Dr. Karabell") is a self-proclaimed compulsive gambler. On August 13, 1988, in allegedly approximately 80 minutes Dr. Karabell lost fifty thousand ($50,000) dollars at the Boardwalk Regency Corporation's Caesar's on the Boardwalk Casino. On or about March 24, 1989 Dr. Karabell filed suit in the United States District Court for the Eastern District of Pennsylvania against Tropworld Casino and Entertainment Resort, the wholly owned subsidiary of Adamar of New Jersey, Inc., as well as Caesar's on the Boardwalk owned by the Boardwalk Regency Corporation, Trump Plaza Hotel and Casino and Trump Castle Hotel and Casino. That action was assigned to the Honorable James McGinn Kelly as Civil

Action No. 89–2885.[1] The Karabell complaint contains four counts; unenforceable loan, rescission of loan, negligent infliction of emotional distress, and intentional infliction of emotional distress.

On May 5, 1989 plaintiff filed suit against Dr. Karabell to recover *exactly* $50,000 in outstanding markers in Superior Court of New Jersey, Law Division, Atlantic County, Docket No. ATL–O–002143–89. On June 7, 1989 defendant removed the action to this Court pursuant to 28 U.S.C. § 1446. On June 30, 1989 within the thirty (30) day requirement of 28 U.S.C. § 1447(c), plaintiff filed a motion to remand, which we now grant, obviating the necessity to address defendant's concurrently filed motion to transfer to the Eastern District of Pennsylvania.

## II. *Plaintiff's Motion to Remand*

Under 28 U.S.C. §§ 1441 and 1446 in order to remove a case from state to federal court based on diversity jurisdiction, the complaint must allege the necessary requirement of diversity jurisdiction enumerated in 28 U.S.C. § 1332. In § 1332 there are two requirements: 1) each plaintiff is a citizen of a state different than that which each defendant is a citizen thereof; and 2) the amount in controversy *exceeds* $50,000, exclusive of costs and interests. The amount in controversy requirement was re-

cently amended from in excess of $10,000 to in excess of $50,000 by Pub.L. 100–702 (1988) which explicitly states that the *in excess of $50,000* requirement applies to actions "removed to the United States District Courts on or after the 180th day after Nov. 19, 1988 . . .", or May 18, 1989. The removal here occurred on June 7, 1989, so for proper removal there must be in *excess* of $50,000 at issue in this case.[2] It has long been held that the amount in controversy is determined by examining the face of the well-pleaded complaint, accepting the plaintiff's view of amount requested as controlling. *See, e.g., St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). Plaintiff's well pleaded complaint seeks exactly $50,000 as damages. It is equally well established that the amount in controversy must *exceed* $50,000 so that pleading exactly $50,000 is insufficient to lay subject matter jurisdiction based on diversity in the Court. *See, e.g., Home Life Ins. Co. v. Sipp*, 11 F.2d 474 (3d Cir.1926). Therefore, this action *must* be remanded to the state court for lack of subject matter jurisdiction. An appropriate order follows.

## ORDER

This matter having come before the Court on a motion by plaintiff, Boardwalk

---

**1.** We note in passing that as much as these cases should most likely all be tried together, we are without jurisdiction to consolidate the case before Judge Kelly into this action. *See, e.g., Facen v. Royal Rotterdam Lloyd S.S. Co.*, 12 F.R.D. 443 (S.D.N.Y.1952).

**2.** We note and reject defendant's argument that there was some purpose intended by Congress to be found in the disparate language in the legislative history of Public Law 100–702. Defendant suggests that the omission of the phrase "commenced in or removed to" from section 201(b) and the inclusion of said language in sections 202 and 203 means that "[t]he Legislature did not intend that the new amount in controversy be used as a bar against removing actions from the state court to the district court." Mem. of Law in Opp. to Boardwalk Regency's Motion to Dismiss, submitted in *Boardwalk Regency Corp. v. Karabell*, Civ. No. 89–2574, a sister case to the one presently before us. We wholeheartedly disagree, finding it a spurious distinction at best, and one without

meaning. There is no support in Congress' omission for the principle Karabell asserts because the procedural sequence in which a case is removed makes it unnecessary for Congress to reiterate the expressed language in Section 201(b). For further clarity, we explain that when a case is remanded pursuant to 28 U.S.C. § 1441 *at that time,* the District Court must have original jurisdiction. Since Congress indicated in the history to the change in 28 U.S.C. § 1332 that any action commenced on or after May 18, 1989 would be required to meet the $50,000 requirement, and case removed after that date without such an amount in controversy would not afford the District Court jurisdiction because it is not a case over which the District Court would have original jurisdiction. Thus, the District Court must first possess original jurisdiction over the case before it can be removed, and no original jurisdiction exists if the jurisdictional amount has not been satisfied. To that end, the Legislative history is therefore inapposite and unhelpful.

Regency Corporation, to remand to the Superior Court of New Jersey, Atlantic County pursuant to 28 U.S.C. § 1447 on the ground that this Court lacks subject matter jurisdiction over this action; and

For the reasons set forth in the Court's opinion filed this day; and

For good cause shown;

It is on this 21st day of September, 1989 ORDERED that said motion be and the same is hereby GRANTED.