Louis **DENTON** and Rosemary Denton, husband and wife, Plaintiffs,

v.

**WAL–MART STORES, INC., a corporation, Defendant.**

No. 89–278–CIV–FTM–13B.

United States District Court,
M.D. Florida,
Fort Myers Division.

March 29, 1990.

David R. Linn, Goldberg, Goldstein & Buckley, Ft. Myers, Fla., for plaintiffs.

Joseph A. Linnehan, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Ft. Myers, Fla., for defendant.

## ORDER OF REMAND

KOVACHEVICH, District Judge.

This cause came on for consideration upon plaintiffs' motion for remand and defendant's motion for leave to amend its petition for removal. The Court, having reviewed the record and being fully advised in the premises, finds and concludes that the motion for remand should be granted and the motion to amend should be denied.

This action was brought originally in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida. Defendant filed its petition to remove the case averring that plaintiffs were citizens of Florida and that the defendant was a Delaware corporation. Plaintiffs then moved to remand the action because of the inadequacy of the petition for removal. Following that, defendants admitted the insufficiency of the original petition but moved for leave to amend the petition to aver the jurisdictional criteria with more specificity. Plaintiffs contend that the Court is without jurisdiction to accept the proffered amendment.

In considering these matters, the Court is governed by the law through which it is conferred with its authority to act: "Any civil action brought in a State court of which the district courts of the United States have original jurisdiction" may be removed to the district court. 28 U.S.C. § 1441(a). To remove an action, the defendant must file a notice of removal "containing a short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a),

within thirty days after the defendant was served with the original complaint, 28 U.S.C. § 1446(b). Defendant's petition for removal attempts to show that this Court has original jurisdiction based on diversity of citizenship of the parties. To do so, the petition would have to state that the amount in controversy exceeds the jurisdictional amount of $50,000. 28 U.S.C. § 1332(a), as amended. Additionally, the petition would have to show that the citizenship of the parties was diverse. *Id.* A corporation is considered a citizen of any state where it is incorporated as well as of any state where it has its principal place of business. 28 U.S.C. § 1332(c).

██ Defendant's petition for removal, though filed within the allotted thirty days, is insufficient to confer jurisdiction on this Court because (1) it fails to aver that the amount in controversy exceeds the jurisdictional amount,[1] and (2) it fails to aver defendant corporation's principal place of business.[2] Nevertheless, defendant contends that the amount in controversy really does exceed $50,000, and that the defendant's citizenship really is diverse to plaintiffs'. Defendant submits that these facts counsel in favor of allowing it to amend the petition. While defendant may be correct that this Court would have jurisdiction if those facts were properly stated in a timely filed petition, that does not alter the fact that the only petition filed in the allowable time was insufficient.

Assuming that a petition for removal is properly filed, it may be amended freely only within the statutory period of thirty days from service of the complaint. Thereafter, it may be amended only to set forth more specifically grounds for removal which were stated imperfectly in the original petition. *Firemen's Insurance Co. of Newark, N.J. v. Robbins Coal Co.*, 288 F.2d 349 [(5th Cir.), *cert. denied*, 368 U.S. 875, 82 S.Ct. 122, 7 L.Ed.2d 77 (1961)]. An imperfect or de-

fective allegation is distinguished from a missing allegation, which is not subject to amendment after thirty days. [*Crawford v. Fargo Manufacturing Co.*, 341 F.Supp. 762 (M.D.Fla.1972)]; *Garza v. Midland National Insurance Co.*, 256 F.Supp. 12 (S.D.Fla.1966).

*Winters Government Securities v. Nafi Employees Credit Union*, 449 F.Supp. 239, 243 (S.D.Fla.1978). Defendant's motion to amend the petition was not filed until after the thirty days for removal had expired.

██ The question, then, is whether defendant seeks to correct an imperfect allegation or whether defendant seeks to add a missing allegation. Defendant never stated an amount in controversy, or even alleged that the amount in controversy exceeded the jurisdictional amount. Therefore, amending the petition to state an amount in controversy would add a missing jurisdictional allegation. The same is true of the proposed amendment to state that defendant's principal place of business is in Arkansas: in the original petition, defendant failed to state a principal place of business, or even to generally allege that defendant was a citizen of Arkansas as well as Delaware. Because at the commencement of this action in this Court the citizenship of defendant and the jurisdictional amount were missing allegations, defendant may not amend the petition for removal. Further, because without these allegations defendant cannot establish this Court's jurisdiction, the action must be remanded. *See* 28 U.S.C. § 1447(c).[3]

Accordingly, it is ORDERED:

1. Defendant's motion for leave to file an amended petition for removal is DENIED.

2. Plaintiffs' motion to remand is GRANTED.

3. This cause is REMANDED to the Circuit Court for the Twentieth Judicial Circuit in and for Lee County, Florida.

---

**1.** The complaint, attached to the petition, alleged an amount in controversy in excess of $5,000.

**2.** The petition did aver that defendant was a Delaware corporation.

**3.** "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The clerk is directed to mail a certified copy of this Order to the clerk of the Circuit Court for the Twentieth Judicial Circuit in and for Lee County, Florida.

4. The parties are to bear their own costs relating to the proceedings before this Court.

DONE AND ORDERED.