### SEARS MORTGAGE CORP.

v.

### Steve ATUAHENE and United States of America.

#### Civ. A. No. 93–CV–2746.

United States District Court, E.D. Pennsylvania.

Aug. 12, 1993.

Rebecca R. Woodside, Daniel G. Schmieg, Shapiro and Kreisman, Berwyn, PA, Stuart Winneg, Shapiro and Kreisman, Philadelphia, PA, for plaintiff.

Steve Atuahene, Philadelphia, PA, for defendants.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

Plaintiff Sears Mortgage Company filed a mortgage foreclosure action against Defendant Steve Atuahene on March 25, 1992, in the Court of Common Pleas in Philadelphia County. On December 23, 1992, the court entered a default judgment against Defendant for $17,067.97 representing the unpaid mortgage principal and interest, attorney fees and administrative costs. Defendant, filing *pro se*, petitioned the court to strike the default judgment which the court subsequently denied. On May 24, 1993, Defendant filed a notice of removal in the United States District Court for the Eastern District of Pennsylvania. Now before the court is Plaintiff's motion to remand this case to state court pursuant to 28 U.S.C. § 1447(c).

Plaintiff asserts that Defendant's notice of removal is defective because 1) this court lacks jurisdiction as the amount in controversy is less than $50,000; and 2) Defendant failed to file the notice of removal within the 30 day window required by 28 U.S.C. § 1446(b).

Defendant, still filing *pro se*, contends that because the alleged property value is $60,000, he hurdles the amount in controversy requirement for diversity jurisdiction. Alternatively, he alleges that the service of process was defective constituting a violation of his due process rights and thus raising a federal question. Additionally, since the service of process was allegedly defective, Defendant argues that 28 U.S.C. § 1446(b) should not apply.

■ We find, however, that this court simply lacks subject matter jurisdiction and need not delve into Plaintiff's second assertion. Therefore, for the reasons detailed below, this case will be remanded to state court.

■ Section 1447(c) mandates that where a case has been removed from the state court without jurisdiction, the district court must remand the case. The Third Circuit has held that the removal statutes, 28 U.S.C. §§ 1441–1452, are to be strictly construed against removal and all doubts should be resolved in favor of remand. *Steel Valley Authority v. Union Switch and Signal Division, Am. Standard, Inc.,* 809 F.2d 1006, 1010 (3d Cir. 1987) *citing Abels v. State Farm Fire & Casualty Co.,* 770 F.2d 26, 29 (3d Cir.1985). In determining whether there is subject matter jurisdiction, the district court must focus on plaintiff's complaint at the time the petition for removal was filed. *Id.* Thus, in order to successfully remove this case to federal court under diversity jurisdiction, the complaint must allege that the amount in controversy exceeds $50,000 exclusive of costs and interests. *Boardwalk Regency*

*Corp. v. Karabell,* 719 F.Supp. 1254, 1255 (D.N.J.1989).

Here, Defendant's bid for diversity jurisdiction fails because of the amount in controversy requirement. Plaintiff's complaint at the time Defendant filed for removal specified the amount in controversy to be $17,067.97,[1] well short of the required $50,000.

 Defendant's alternative claim that this court has federal question jurisdiction based on defective service of process must also fail. Before an action started in state court can be removed to a federal district court, it is necessary that the action could have originally been brought in federal court. *Shelly v. Pennsylvania,* 451 F.Supp. 899, 901 (M.D.Pa.1978). The well-pleaded complaint rule requires that the federal question be presented on the face of Plaintiff's complaint. *Albert Einstein Medical Center v. Nat. Ben. Fund for Hosp. and Health Care Employees,* 740 F.Supp. 343, 348 (E.D.Pa.1989).

Plaintiff's complaint, on its face, presents no questions of federal law. Plaintiff brought this mortgage foreclosure under Pennsylvania law without reference to any federal statute or common law. Defendant's allegation that the service of process was defective is after the fact and not, therefore, sufficient to remove this case under federal question jurisdiction.

We must conclude that the case was removed improvidently and without jurisdiction. Therefore, this case is remanded to the Court of Common Pleas of Philadelphia County, Pennsylvania with just costs to be paid by Defendant.

### ORDER

AND NOW, this 12th day of August, 1993, upon consideration of Plaintiff's Motion to Remand and Defendant's response thereto, it is hereby ORDERED that the above captioned case, listed in the Court of Common Pleas in Philadelphia County, March Term 1992 No. 4197, be remanded to said state court, and it is further ORDERED that Defendant pay all costs and additional expenses including attorney's fees incurred as a result of this removal.

---

**1.** Plaintiff's original complaint specified the amount in controversy to be $15,591.76. The difference between the two totals represents the interest on the loan, late charges accrued, and property inspection costs.