Wayne Martin SCHILD, et al.

v.

TYMCO, INC., et al.

Civ. A. No. 93–900–A.

United States District Court,
M.D. Louisiana.

Jan. 14, 1994.

Paul H. Duè, Duè, Smith, Caballero, Price & Guidry, Baton Rouge, LA, for plaintiffs.

Brent Eugene Kinchen, Seale, Smith, Zuber & Barnette, Baton Rouge, LA, for Tymco, Inc.

Stephen N. Elliott, Bernard, Cassisa, Saporito & Elliott, Metairie, LA, for Navistar Intern. Transp. Corp.

Martin E. Golden, Kantrow, Spaht, Weaver & Blitzer, Baton Rouge, LA, for Browning Ferris, Inc. and BFI Services Group, Inc.

## RULING ON MOTION TO REMAND

JOHN V. PARKER, Chief Judge.

This matter is before the court on a motion by plaintiffs to remand. Defendants have each filed an opposition. There is no need for oral argument.

On September 17, 1993, plaintiffs, Wayne Martin Schild and Carla Kerr Schild, filed this action in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana. Plaintiffs claim damages for the wrongful death of their son, who allegedly sustained fatal injuries when his automobile struck a street sweeper manufactured by defendants, TYMCO, Inc. and Navistar International Transportation Corp., and owned by defendants, Browning–Ferris, Inc. or BFI Services Group, Inc. Plaintiffs seek to recover damages "as may be reasonable in the premises ... for past and future loss of love and affection and grief, mental anguish and distress, as well as medical, funeral and burial expenses."

On October 22, 1993, defendant, Navistar International, filed a notice of removal and a "joint agreement" by all defendants to remove the action to this court. There is now no dispute that plaintiffs are diverse in citizenship from all of the defendants[1] and that the amount in controversy

---

1. Plaintiffs are citizens of Louisiana; Navistar International is a Delaware corporation with its principal place of business in Illinois; Tymco and Browning–Ferris are both alleged to be Tex-

exceeds $50,000 [2].

■ In their motion to remand filed on November 19, 1993, plaintiffs contend that removal was untimely. More specifically, plaintiffs contend that the notice of removal was filed thirty-one days from the date that Tymco (the first defendant to be served) was served with the state court petition.

In opposition to the motion for remand, defendants argue that this action was actually removed prematurely, in view of the recent Fifth Circuit decision in *Chapman v. Powermatic,* 969 F.2d 160 (5th Cir.1992), cert. denied, — U.S. —, 113 S.Ct. 1402, 122 L.Ed.2d 774 (1993). According to defendants, *Chapman* sets forth a "bright line" rule that the thirty day limit for removal runs from the defendant's receipt of the state court petition only when plaintiff specifically alleges that damages are in excess of the federal jurisdictional amount. Defendants contend that this rule applies even though the $50,000 amount in controversy was facially apparent in plaintiff's state court petition.

The court disagrees. In *Chapman,* the Fifth Circuit does set forth a "bright line" rule requiring a plaintiff to affirmatively allege that damages exceed the federal jurisdictional amount in order for the initial pleading to trigger the thirty day time delay.

*Chapman* involved a hand injury to a high school student and under Texas procedure (similar to Louisiana procedure) the initial pleading did not set forth a specific amount of damages. Although the defendant admitted that it had received information before the state court action commenced that plaintiff was claiming in excess of $50,000, the "bright line" adopted by the Court was:

We ... conclude that for the purposes of the first paragraph of [28 USC] § 1446(b), the thirty day time period in which a defendant must remove a case starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court. We adopt this rule because we conclude that it promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know.... 969 F.2d at 163.

The Court further concluded that the allegations of the *Chapman* initial pleading did not affirmatively reveal that the case was removable. Hence, the defendant's thirty day removal period did not begin until receipt of an "other paper" under the second paragraph of § 1446(b) (in that case an answer to an interrogatory).

In the case before this court, defendant concedes that it determined that the case was removable by a review of the allegations of the state court petition—it sets forth a straightforward wrongful death claim by the surviving parents of a college age decedent. The defendant does not claim to have received any "other paper" following receipt of the original petition which clearly revealed that the case was removable; rather, it seeks to convert the "bright line" rule of *Chapman* into a "head in the sand" rule. The court does not agree.

The court finds that the initial pleading in this case revealed that an amount in excess of $50,000 was in controversy. Consequently, the court finds that the bright line rule is

as corporations with their principal places of business there; and BFI is alleged to be a California corporation with its principal place of business there.

2. The court observes that defendant failed to properly allege the requisite jurisdictional amount in the notice of removal. Defendant alleges that "this case has a potential worth, at a minimum, of $50,000, exclusive of interest or costs" rather than asserting that the amount in controversy *exceeds* the sum or value of $50,000 as required by 28 U.S.C. § 1332. See, *Boardwalk Regency Corp. v. Karabell,* 719 F.Supp. 1254

(D.N.J.1989) (remanding on basis that amount in controversy was exactly $50,000). However, it is also well established that a defective allegation (as opposed to a missing allegation) may be cured by amendment, even following the thirty day period for removal. See *Getty Oil, Div. of Texaco v. Ins. Co. of North Am.,* 841 F.2d 1254 (5th Cir.1988); *Denton v. Wal–Mart Stores, Inc.,* 733 F.Supp. 340 (M.D.Fla.1990). Under the circumstances, the court finds that the jurisdictional amount allegations in the notice of removal are defective but curable by amendment. Consequently, the court does not remand on this basis.

not necessary or applicable in this case and that removal was untimely. See, *Mikelonis v. Frank Paxton Company*, 1993 WL 541524 (ED La. Dec. 22, 1993) (remanding despite a similar argument made under *Chapman*).

Accordingly, the motion by plaintiffs to remand is hereby GRANTED and this matter will be remanded to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana.