878

**Mark Robert STILL, Plaintiff,**

v.

**GEORGIA–PACIFIC CORPORATION,
Defendant.**

**Civil Action No. 3:96–CV–274WS.**

United States District Court,
S.D. Mississippi,
Jackson Division.

March 28, 1997.

John Hunter Stevens, Grenfell, Sledge & Stevens, Jackson, MS, for plaintiff.

Felix L. Bowie, III, Sara Kay Freeman, Forman, Perry, Watkins & Krutz, Jackson, MS, for defendant.

### *ORDER*

WINGATE, District Judge.

Before the court is the plaintiff's motion brought pursuant to Title 28 U.S.C. § 1447,[1] asking this court to remand this cause of action to the Circuit Court of the First Judicial District of Hinds County, Mississippi, where it originated. Plaintiff Mark Robert Still, a Mississippi citizen, commenced this action in state court on February 29, 1996, after allegedly sustaining severe trauma and injuries from a slip and fall accident which

---

**1.** Title 28 U.S.C. § 1447 provides in pertinent part:

**(c)** [a] motion to remand the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. . . .

occurred at the Louisville, Mississippi, facility of defendant Georgia–Pacific Corporation. In his complaint, plaintiff attributes his injuries to the negligent acts and omissions of defendant and seeks damages of an amount to be determined by the jury.

On April 11, 1996, defendant removed this cause of action to this court pursuant to Title 28 U.S.C. § 1332 [2] on the basis that this is a civil action wherein the matter in controversy exceeds $50,000.00 exclusive of interest and costs and is between citizens of different states. Plaintiff contests this latter assertion, arguing that defendant's citizenship is not diverse to that of plaintiff. Additionally, according to plaintiff, defendant's removal of this action was improper because defendant failed to remove this action within the thirty-day period required under Title 28 U.S.C. § 1446(b). Having carefully reviewed the motion to remand, as well as the memoranda in support of and in opposition to the motion, this court is persuaded to deny said motion.

### THE PROOF BURDEN

Federal courts are courts of limited jurisdiction. *Ziegler v. Champion Mortgage Co.*, 913 F.2d 228, 229 (5th Cir.1990). Accordingly, in every instance the party seeking the federal court's shelter is required to establish the court's grant of jurisdiction. *Langley v. Jackson State University*, 14 F.3d 1070, 1073 (5th Cir.1994). The defendant here has the burden of proving jurisdiction, since the burden of establishing removal jurisdiction rests upon the party seeking to invoke it. *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.1993). If there is some question or doubt whether this court has jurisdiction, remand is proper. *Williams v. Tri–County Community Center*, 323

F.Supp. 286 (S.D.Miss.1971), *aff'd*, 452 F.2d 221 (5th Cir.1971).

### DIVERSITY OF CITIZENSHIP

A corporation is deemed to be a citizen of both the state of its incorporation and the state of its principal place of business. *See* Title 28 U.S.C. § 1332(c).[3] Here, there is no dispute that defendant is incorporated in the State of Georgia. Plaintiff takes issue with defendant's assertion that its principal place of business is in Georgia too. If this court determines that defendant's place of business is Mississippi, as urged by plaintiff, this court would lack subject matter jurisdiction since plaintiff is a Mississippi citizen. Consequently, this court would be required to remand this cause of action to the state court. Conversely, if this court determines that defendant does indeed have its principal place of business in Georgia, then this court would have original jurisdiction of this action because of diversity of citizenship and remand would be improper.

The Fifth Circuit landmark case which charts out for the district courts how to determine a corporation's principal place of business is *J.A. Olson Company v. City of Winona, Mississippi*, 818 F.2d 401 (5th Cir. 1987). According to *Olson*, determining a corporation's principal place of business for purposes of diversity requires the application of the "total activity" test. *Id.* at 404. The "total activity" test is comprised of two separate and distinct tests: the "nerve center" test and the "place of activity" test. Under the "nerve center" test, a corporation's place of business is the state in which the corporation has an "office from which its business [is] directed and controlled." *Id.*, at 407, quoting *Scot Typewriter v. Underwood Corp.*, 170 F.Supp. 862, 865 (S.D.N.Y.1959). In oth-

---

**2.** Title 28 U.S.C. 1332 provides in pertinent part:
   (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000 exclusive of interest and costs, and is between—
      (1) citizens of different States; ....

**3.** Title 28 U.S.C. § 1332(c) provides in pertinent part:
   (1) A corporation shall be deemed to be a citizen of any State by which it has been incor-

porated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether corporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business; ....

er words, a corporation's principal place of business is the place where "all of its business [is] under the supreme direction and control of its officers." *Id.* Under the "place of activity" test, a corporation's place of business is the state in which the corporation carries out its operations. *Id.* at 408–409. While neither of these tests individually dictates the situs of a corporation's principal place of business, they provide the general rules of the "total activity" test which are: "(1) when considering a corporation whose operations are far flung, the sole nerve center of that corporation is more significant in determining the principal place of business (cite omitted); (2) when a corporation has its sole operation in one state and executive offices in another, the place of activity is regarded as more significant (cite omitted); but (3) when the activity of a corporation is passive and the 'brain' of a corporation is in another state, the situs of the sites of the corporation's brain is given greater significance." *Id.* at 411. "These rules, however, are applied on a case by case analysis, weighing the particular facts. The two tests are therefore not mutually exclusive but rather complimentary." *Id.* at 409–410.

According to plaintiff, defendant has significant and substantial business contacts in Mississippi. Therefore, says plaintiff, defendant's principal place of business is in Mississippi, rendering defendant a citizen of Mississippi for purposes of determining diversity jurisdiction. Plaintiff's conclusions are based upon his own preliminary investigation through which he allegedly discovered that defendant has substantial business activity within the State of Mississippi and owns or controls close to one million acres of Mississippi timberland. As such, plaintiff contends, defendant's principal place of business is in Mississippi and this matter should be remanded to state court because there exists no diversity of citizenship necessary to invoke the jurisdiction of this court. This court does not agree.

■ Defendant's executive offices and corporate headquarters are in Georgia. All of defendant's policy-making decisions are made in Georgia. Secondly, while it is undisputed that defendant operates facilities and owns property in Mississippi, according to the undisputed affidavit of Georgia Pacific Vice President and Secretary Kenneth F. Khoury (hereinafter Khoury), defendant also operates facilities and owns property in 47 other states, including Georgia. In fact, states Khoury, it is in Georgia where defendant operates more facilities, employs more people and owns more land than any of the other 47 states in which it does business. Specifically, defendant owns approximately 27 facilities, employs 9,233 people and owns 863,967 acres of real property in the State of Georgia. In Mississippi, on the other hand, defendant operates 18 facilities, employs 3,912 employees and owns 767,061 acres of real property in Mississippi. Again, the court notes that none of these facts is disputed.

In applying the "total activity" test to these facts, clearly the activity in Georgia is far more significant than the activity in Mississippi. Defendant is a far flung corporation, operating in practically every state of the United States, including Georgia, with its nerve center and brain also located in Georgia. Under these facts, Olson dictates that Georgia is defendant's principal place of business. Therefore, for purposes of this lawsuit, defendant has shown that it is a citizen of Georgia and that diversity of citizenship does here exist.

### TIMELINESS OF REMOVAL

■ Next, plaintiff contests the timeliness of defendant's removal. Pursuant to Title 28 U.S.C. § 1446(b),[4] removal must occur within

---

4. Title 28 U.S.C. § 1446(b) states:

The notice of removal of a civil action or proceeding shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascer-

thirty days of defendant's receipt of the initial pleading setting forth the claim for relief upon which the action is based. However, if a case, stated by the initial complaint, is not removable, a defendant has thirty days from the receipt of an amended pleading, motion or other paper demonstrating that the case has become removable to remove the case to federal court. *See* Title 28 U.S.C. § 1446(b). An "other paper" includes papers that are filed in the case as well as a transcript of a deposition, *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir.1996); answers to interrogatories, *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir.1992); correspondence between attorneys, *Stramel v. GE Capital Small Business Finance Corp.*, 955 F.Supp. 65 (E.D.Tex.1997); *see also Jackson v. Mississippi Farm Bureau Mut. Ins. Co.*, 947 F.Supp. 252, 254 (S.D.Miss.1996); and answers to requests for admissions, *Johnson v. Dillard Department Stores, Inc.*, 836 F.Supp. 390, 391 (N.D.Tex. 1993).

Plaintiff's complaint, filed February 29, 1996, alleges claims of negligent acts and omissions against defendant and demands a judgment of an amount to be determined by a jury. The specific wording of plaintiff's complaint is as follows:

> Wherefore, Premises Considered, Plaintiff demands judgment of an (sic) against the Defendant for the amount to be determined by the jury at the trial of this matter. Plaintiff requests such other general and specific relief, including all court costs, prejudgment and post-judgment interest, attorneys' fees and such other costs as it may be entitled in the premises.

According to defendant, a month or so later, in April, 1996, defendant ascertained from plaintiff's response to defendant's Request for Admissions that plaintiff was seeking in excess of $50,000.00 in damages. The specific request for admission stated:

> The plaintiff, Mark Robert Still, is not seeking damages from the defendant,

Georgia–Pacific Corporation, in excess of $50,000.00.

Plaintiff's response was:

> Denied. The allegations of the complaint unequivocally reveal that the plaintiff is seeking damages in excess of $50,000.00.

Nine days later after this response, defendant filed a notice of removal.

▮ Plaintiff nevertheless contends that the defendant's removal of this lawsuit was improper because the allegations of the complaint "unequivocally demonstrate" that an amount in excess of $50,000.00 is being sought. Therefore, argues plaintiff, since the complaint was filed in February, 1996, and defendant removed this action in April, 1996, defendant failed to file its notice of removal within a timely manner.

The court has reviewed the complaint and finds that there is no mention of specific monetary damages. Instead, plaintiff merely alleges that he was caused to suffer severe personal injuries, mental anguish, loss of income and medical costs. It appears then that plaintiff argues that from these allegations, defendant should have known that he was seeking in excess of $50,000.00.

Plaintiff's contentions fail for three reasons: first, the rule of the Fifth Circuit is that where the initial pleading does not affirmatively reveal on its face that the plaintiff is seeking damages in excess of the jurisdictional minimum, the thirty-day time period in which a defendant must remove a case does not start to run until the defendant receives an amended pleading, motion, order, or other paper which provides actual notice of plaintiff's specific damages. *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163, *reh'g denied*, 976 F.2d 732 (5th Cir.1992), *cert. denied*, 507 U.S. 967, 113 S.Ct. 1402, 122 L.Ed.2d 774 (1993). In *Chapman*, the plaintiff sued the defendant in state court. *Id.* at 161. The complaint asserted complete diversity of citizenship between the parties, but did not allege a specific amount of damages. *Id.* More than thirty (30) days later, over the course of the discovery process, plaintiff revealed that

tained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction con-

ferred by section 1332 of this title more than 1 year after commencement of the action.

he had suffered over $800,000.00 in damages. *Id.* The defendant promptly filed a notice of removal which the Fifth Circuit Court of Appeals affirmed as appropriate. *Id.* at 162–63.

Secondly, the Fifth Circuit has rejected the argument that allegations of medical expenses and pain and suffering are sufficient to give actual notice of the amount of damages being sought. The Court stated in *Chapman* that the removal clock begins to run "from the defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Id.* at 163.

Lastly, if a plaintiff wishes the thirty-day time period to run from the defendant's receipt of the initial pleading, the burden is upon the plaintiff to be more specific with his allegations of damages and not upon the defendant to guess. *Id.; Corley v. Southwestern Bell Telephone Company,* 924 F.Supp. 782, 785 (E.D.Tex.1996); *Schild v. Tymco, Inc.,* 842 F.Supp. 225, 226 (M.D.La. 1994).

For the reasons set forth above, this court finds that complete diversity of citizenship exists between the parties here and that defendant's removal of this action from state court to this federal forum was timely. Accordingly, this court holds that plaintiff's motion to remand is not well taken and is hereby denied.