Jere L. **BRADWELL**, Plaintiff,

v.

**SILK GREENHOUSE, INC., NCNB National Bank of Florida, Anchor Benefit Consulting, Inc., and John Alden Life Insurance Company, Defendants.**

No. 92–1655–CIV–T–99A.

United States District Court, M.D. Florida, Tampa Division.

Aug. 2, 1993.

Scott Owen Stigall, for Jere L. Bradwell.

Walter E. Aye, for Silk Greenhouse.

Robert Baltzell Glenn, for NCNB National Bank of Florida.

Walter E. Aye, for Anchor Ben. Consulting, Inc., John Alden Life Ins. Co.

## ORDER

CONWAY, District Judge.

THIS CAUSE is before the Court on the Motion of NCNB, National Bank of Florida ("NationsBank") for Remand (Doc. 5), the Motion to Amend Notice of Removal of Civil Action to United States District Court (Doc.

7), and the Amended Motion to Amend Notice of Removal of Civil Action to United States District (Doc. 10).

These matters were considered by the United States Magistrate Judge, pursuant to a standing order of referral, who has filed his report recommending that the motion of NationsBank for remand be GRANTED, and that the motion to amend and the amended motion to amend notice of removal be DENIED.

Upon consideration of the report and recommendation of the Magistrate Judge and upon this Court's independent examination of the file, the Magistrate Judge's report and recommendation is adopted and confirmed and made a part hereof, and it is

ORDERED:

1. NationsBank's Motion for Remand (Doc. 5) is GRANTED. The Clerk is directed to implement the appropriate procedures to return this cause to the Circuit Court for the Thirteenth Judicial Circuit of the State of Florida.

2. The Motion to Amend Notice of Removal of Civil Action to United States District Court (Doc. 7) is DENIED.

3. The Amended Motion to Amend Notice of Removal of Civil Action to United States District Court (Doc. 10) is DENIED.

ORDERED.

REPORT AND RECOMMENDATION

WILSON, United States Magistrate Judge.

THIS CAUSE is before the Court on the Motion of NCNB, National Bank of Florida ("NationsBank") for Remand (doc. 5), the Motion to Amend Notice of Removal of Civil Action to United States District Court (doc. 7), and the Amended Motion to Amend Notice of Removal of Civil Action to United States District Court (doc. 10).[1] The Court has considered the motions and the memoranda filed by the parties, and is otherwise fully advised in the premises. For the rea-

sons set forth below, the Court recommends that: (1) the NationsBank's Motion for Remand (doc. 5) be granted; (2) the Motion to Amend Notice of Removal of Civil Action to United States District Court (doc. 7) be denied; and (3) the Amended Motion to Amend Notice of Removal of Civil Action to United States District Court (doc. 10) be denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff originally filed this action in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. Plaintiff filed suit against defendants to recover for unpaid claims under a medical and dental employee benefit plan. Therefore, plaintiff's claims appear to arise under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.

Under the employee benefit plan, Silk Greenhouse was to pay the first $55,000.00 of an employee's claim. Defendants Anchor Benefit Consulting, Inc., and John Alden Life Insurance Company (the "Insurers") were to pay amounts over $55,000.00. Plaintiff's medical bills totaled approximately $98,-917.15. Subsequently, Silk Greenhouse filed for bankruptcy. The Bankruptcy Judge ordered Silk Greenhouse to place funds in an account at NationsBank to cover unpaid individual employee benefit claims up to $55,-000.00. NationsBank claims to have a lien on these funds which the Bankruptcy Judge specifically set aside.

Plaintiff claims that he is entitled to $55,-000.00 of the funds which the Bankruptcy Judge set aside. Plaintiff asserts claims for breach of insurance agreement, seeks specific performance, and seeks a declaratory judgment to resolve the dispute over his entitlement to monies contained in the fund which was set aside. All of plaintiff's claims appear to be centered around Silk Greenhouse's employee benefit plan.

The Insurers filed their notice of removal pursuant to 28 U.S.C. § 1441(a). NationsBank filed its motion to remand alleging that

---

1. This matter was referred by Standing Order of District Judges Anne C. Conway and Harvey Schlesinger.

this action was not properly removed because § 1441(a) requires all defendants to consent to removal and that it had not consented. The Insurers now move to amend their notice of removal to include several new grounds: 28 U.S.C. §§ 1441(b) and (c) and 28 U.S.C. § 1332.

## II. DISCUSSION

First, the Court will address the sufficiency of the notice of removal (doc. 1). Second, the Court will address each of the potential grounds for removal asserted in the motion to amend the notice of removal.

### A. Sufficiency of Notice of Removal

■ Generally, 28 U.S.C. § 1441 sets forth the jurisdictional basis for removal, and 28 U.S.C. § 1446 sets forth the procedural requirements for removing an action to federal court. Assuming the jurisdictional basis for removal exists, § 1446(b) requires that the notice of removal must be filed within thirty (30) days of the date of service. 28 U.S.C. § 1446(b) (1993). Here, the Insurers timely filed their notice of removal. Further, § 1446(a) requires that a defendant or defendants desiring to remove any civil action ... from a State court shall file ... a short and plain statement of the grounds for removal .... The statutory requirements for removal are strictly construed and failure to comply is sufficient to render removal improper and to require remand. *Adams v. Aero Services International, Inc.*, 657 F.Supp. 519, 521 (E.D.Va.1987).

■ It is well settled that " 'defendants' must be treated collectively: § 1446(a) requires all defendants in an action who may properly join in a removal petition made under § 1441(a) or § 1441(b) to join in or consent to the petition." *Adams, supra*, at 521.[2] If the Insurers were the only defendants in this lawsuit, it is undoubted that removal would be proper. However, there are four defendants and only two have joined in or consented to removal within the thirty (30) day limit set forth in § 1446(b). Additionally, at the time of removal, the Insurers

failed to inform the Court of the reason less than all defendants had consented to removal.

■ Deficiencies in the notice of removal can be corrected within the thirty day time period; however, once the thirty day period has elapsed "the notice of removal 'may be amended only to set out more specially grounds of removal that already have been stated, albeit, imperfectly in the original petition.' " *Alexander By Alexander v. Goldome Credit Corp.*, 772 F.Supp. 1217, 1221 (M.D.Ala.1991) *quoting* 14A C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 3733, at 537 (2d ed. 1985). Hence, the lack of consent among all defendants and the lack of explanation as to why less than all defendants consented to removal, precludes § 1441(a) from serving as a basis for removal.

### B. Motion to Amend Notice of Removal

Now, the Insurers have sought leave to amend their notice of removal to assert additional grounds: 28 U.S.C. §§ 1441(b) and (c) and 28 U.S.C. § 1332. Although leave to amend is usually only permitted to clarify grounds originally set out in the petition, the Court will however discuss whether the additionally grounds are applicable in this situation.

As previously stated, § 1441(b) requires that all defendants join in or consent to removal. *Adams*, 657 F.Supp. at 521. Thus, since NationsBank did not and does not consented to removal, § 1441(b) cannot serve as a basis for removal.

■ Next, removal premised upon § 1441(c) does not require the joinder or consent of all defendants. *Goldome*, 772 F.Supp. at 1222. An action may be removed pursuant to § 1441(c) if "a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removal claims or causes of action, the entire case may be removed and the district

---

**2.** There is an exception to the requirement that all defendants consent to removal: (1) the non-consenting defendants had not been served with process at the time the notice of removal was

filed; (2) the unconsenting defendants are nominal or formal defendants; or (3) removal is pursuant to § 1441(c). *Goldome*, 772 F.Supp. 1217, 1220.

court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates." 28 U.S.C. § 1441(c) (1993).

■ The Insurers argue that plaintiff's claims against NationsBank are separate and independent from plaintiff's claims against them. The Insurers contend that the claims are separate and independent because they were not part of the bankruptcy action and have no interest in the fund created by the Bankruptcy Judge. NationsBank responds by arguing that if all of plaintiff's claims relate to unpaid medical benefits, then the claims are not separate and independent. It is true that plaintiff's claim against the Insurers deals with different funds than the claim against NationsBank. It is also true that the claim against the Insurers if sued upon alone would be removable. However, since all claims are related to the same employee benefit plan, the claims are not separate and independent as required under 28 U.S.C. § 1441(c). *See Balasco v. W.K.P. Wilson & Sons, Inc.*, 833 F.2d 277 (11th Cir.1987) (removal under § 1441(c) unavailable because all claims against the insurer and insurance broker arose from one single injury to plaintiffs).

■ The Insurers also contend that 28 U.S.C. § 1332 provides an additional basis for removal because there is diversity of citizenship among them and plaintiff. Since the Insurers allege that diversity of citizenship exists pursuant to 28 U.S.C. § 1332, all defendants must be diverse from all plaintiffs. *Vermeulen v. Renault, U.S.A.*, 985 F.2d 1534, 1542 (11th Cir.1993). However, as NationsBank correctly points out, a corporation may have dual citizenship, i.e., citizenship in more than one state. *See* 28 U.S.C. § 1332(c)(1) (1993). Further, as Nations-Bank points out, the Insurers have not alleged that complete diversity of citizenship exists among all defendants and plaintiff as required. In fact, NationsBank alleges that it is a citizen of Florida as is plaintiff; thus, diversity is not complete.

■ Lastly, the Insurers also contend that there are claims asserted pursuant to 29 U.S.C. § 1109 over which the federal courts have exclusive jurisdiction. Simply put, this case appears to involve claims to recover unpaid employee benefits. Thus, this action falls squarely under 29 U.S.C. § 1132(a)(1)(B). Under 29 U.S.C. § 1132(e), the state and federal courts have concurrent jurisdiction over claims filed pursuant to § 1132(a)(1)(B). However, as NationsBank correctly points out, removal is permitted only if the statutory requirements have been satisfied and the fact that the Court might have exclusive jurisdiction does not dispense with the necessity of complying with the statutory requirements.

### III.  *CONCLUSION*

For the reasons set forth above, I recommend that:

1.  NationsBank's Motion for Remand (doc. 5) be granted;

2.  The Motion to Amend Notice of Removal of Civil Action to United States District Court (doc. 7) be denied;

3.  The Amended Motion to Amend Notice of Removal of Civil Action to United States District Court (doc. 10) be denied.

So recommended this 14th day of July, 1993.