**Karen S. DIEBEL, Plaintiff,**

v.

**S.B. TRUCKING COMPANY, Hi Performance Truck Sales, Inc. and Robert L. Jackson, Jr., Defendants.**

**No. 6:02CV1357–ORL–22DAB.**

United States District Court,
M.D. Florida,
Orlando Division.

April 9, 2003.

Michael Charles Maher, Robin Mary Orosz, Maher, Guiley & Maher, P.A., Winter Park, for Karen S. Diebel, as Personal Representative of the Estate of N. Donald Diebel, Jr., plaintiff.

Kurt M. Spengler, Wicker, Smith, O'Hara, McCoy, Graham & Ford, P.A., Russell K. Dickson, Jr., Fisher, Rushmer, Werrenrath, Dickson, Talley & Dunlap, P.A., Orlando, for S.B. Trucking Company, a Florida corporation, Hi Performance Truck Sales, Inc., a foreign corporation, Robert L. Jackson, Jr., defendants.

### ORDER

CONWAY, District Judge.

### I. INTRODUCTION

This cause comes before the Court for consideration of Plaintiff's, Karen S. Diebel ("Plaintiff"), Motion to Remand and for Award of Attorney's Fees and Costs (Doc. No. 17). The Plaintiff filed her Motion (Doc. No. 17) and a memorandum in support (Doc. No. 18) on December 12, 2002. The Defendants, S.B Trucking Company, Hi Performance Truck Sales, Inc., and Robert L. Jackson, Jr. ("Defendants"), responded (Doc. No 26) on February 3, 2003.

Having reviewed the Motion and memoranda, this Court **GRANTS IN PART** and **DENIES IN PART** the Plaintiff's Motion to Remand and for Award of Attorney's Fees and Costs (Doc. No. 17). Insofar as the Plaintiff moves for remand, the Motion is **GRANTED**. Insofar as the Plaintiff moves for attorney's fees and costs, the Motion is **DENIED**.

## II. BACKGROUND

The Plaintiff is a citizen of the State of Florida,[1] and is the personal representative of the Estate of Dr. N. Donald Diebel, Jr. ("Dr.Diebel"),[2] her husband.[3] The Defendant, S.B. Trucking Company ("S.B.Trucking"), is a trucking company with its principal place of business in the State of Georgia.[4] The Defendant, Hi Performance Truck Sales, Inc. ("Hi Performance"), is a Georgia corporation; its principal place of business is also located in the State of Georgia.[5] The Defendant, Robert L. Jackson Jr. ("Jackson"), is a citizen of the State of Georgia.[6] This action is for personal injuries arising out of a tractor-trailer accident on the Florida Turnpike.[7]

On June 8, 2002, while Dr. Diebel was rendering assistance to occupants of a vehicle involved in an automobile accident on the Florida Turnpike in Sumter County, Florida, the tractor-trailer Jackson allegedly was driving struck and killed Dr. Diebel.[8] Plaintiff asserts that Jackson's negligence caused the secondary accident and, thus, Diebel's death.[9] At the time of the accident, S.B. Trucking and Hi Performance were allegedly the titled and/or beneficial owners of the tractor-trailer.[10]

On July 26, 2002, the Plaintiff filed suit against the Defendants pursuant to Florida's Wrongful Death Act, Fla. Stat. §§ 768.16–768.27, alleging causes of action for negligent operation, maintenance, and/or control of the tractor-trailer.[11] The lawsuit was filed in the Ninth Judicial Circuit Court, in and for Orange County, Florida ("the state court").[12]

On September 14, 2002, Hi Performance was served with a Summons and Complaint.[13] Hi Performance responded by filing an Answer and Affirmative Defenses.[14]

Subsequently, on October 23, 2002, S.B. Trucking and Jackson were served with a Summons and Complaint.[15] According to the Plaintiff, her delay in serving S.B.

---

1. *See* Notice of Removal (Doc. No. 1), ¶ 5 at 2–3.

2. *See* Complaint (Doc. No. 2), ¶ 2 at 1–2.

3. *See id.,* ¶ 3 at 2.

4. *See* Notice of Removal (Doc. No. 1), ¶ 7 at 3.

5. *See id.,* ¶ 8 at 3; *see also* Complaint (Doc. No. 2), ¶ 8 at 2–3.

6. *See id.,* ¶ 6 at 1;

7. *See generally* Complaint (Doc. No. 2).

8. *See id.,* ¶¶ 10–13 at 3.

9. *See id.,* ¶¶ 12–13 at 3.

10. *See id.* ¶ 9 at 3.

11. *See generally id.*

12. *See generally id.*

13. *See* Doc. No. 17, ¶ 2 at 2; *see also* Doc. No. 18 at 2; Doc. No. 26 at 1–2.

14. *See generally* Hi Performance's Answer and Affirmative Defenses (Doc. No.4); *see also* Doc. No. 17, ¶ 2 at 2.; Doc. No. 18 at 2.

15. *See* Doc. No. 17, ¶ 3 at 2; *see also* Doc. No. 18 at 2; Doc. No. 26 at 2.

Trucking and Jackson was "not intentional or in bad faith." [16] Rather, such service was delayed by the fact that the initial process server lost the original Summons and Complaint.[17]

On November 13, 2002, S.B. Trucking and Jackson filed a Notice of Removal from the state court to this Court pursuant to 28 U.S.C. §§ 1441(a) & (b) [18] and 1332(a); [19] removal was based on diversity jurisdiction.[20] The Notice of Removal provided, in pertinent part, as follows:

"The undersigned attorney has been authorized by Defendant, ROBERT L. JACKSON and S.B. TRUCKING COMPANY, to file this Notice of Removal of Cause." [21]

Hi Performance did not explicitly join in or consent to removal to the Middle District of Florida. In addition, the Notice of Removal fails to indicate whether counsel for S.B. Trucking and Jackson were authorized by Hi Performance to remove this action. This is problematic because at all times relevant herein Hi Performance had its own attorney.[22]

S.B. Trucking and Jackson submitted Answers and Affirmative Defenses at the same time they filed their Notice of Removal.[23] Simultaneously, Hi Performance's Answer and Affirmative Defenses were transferred from the state court to

16. *Id.,* ¶ 3 at 4; *see also* Doc. No. 18 at 5. "In fact, Plaintiff's counsel sent correspondence to said Defendants' insurer's representative requesting that counsel accept service on their behalf ... [but that] ... request was denied." *Id.,* ¶ 3 at 4 n. 1; *see also* Doc. No. 18 at 6 n. 1; Doc. No. 26 at 2.

17. *See id.,* ¶ 3 at 4; *see also* Doc. No. 18 at 5.

18. Section 1441(a) & (b) provides as follows:
(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
(b) Any civil action of which the district courts have original jurisdiction founded on a claim or rights arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties. *Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*

28 U.S.C. § 1441(a) & (b) (emphasis added).

19. Section 1332(a) provides, in relevant part:
The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... [c]itizens of different states.

20. *See generally* Notice of Removal (Doc. No. 1); *see also* Doc. No. 17, ¶ 4 at 3; Doc. No. 18 at 2; Doc. No. 26 at 2.

21. *See id.,* ¶ 19 at 5.

22. *See* Doc. No. 26 at 10–11; *see also* Doc. No. 17, ¶ 6 at 6; Doc. No. 18 at 9. While it is undisputed that Hi Performance had its own counsel on the date the Notice of Removal was filed, the record reflects that on December 17, 2002, Hi Performance made a formal demand on S.B. Trucking and Jackson to tender a defense in this action. Accordingly, upon execution and approval of a "Substitution of Counsel" for Hi Performance, the current defense counsel for S.B. Trucking and Jackson will represent all three Defendants.

23. *See generally* S.B. Trucking and Jackson's Answer and Affirmative Defenses (Doc. No. 3).

this Court.[24]

On December 11, 2002, S.B. Trucking and Jackson filed a voluntary petition for bankruptcy in the Middle District of Georgia pursuant to Chapter 13 of the United States Bankruptcy Code.[25] The following day, the Plaintiff filed the instant Motion to Remand and for Award of Attorney's Fees and Costs[26] and memorandum in support[27] pursuant to 28 U.S.C. § 1447(c).[28]

## III. THE PARTIES' ARGUMENTS

The Plaintiff raises three arguments for remanding this cause back to the state court.[29]

Foremost, the Plaintiff argues that the Defendants' Notice of Removal was untimely.[30] Pursuant to 28 U.S.C. § 1446(b), a "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." Since the first Defendant, Hi Performance, was served on September 14, 2002, and the Notice of Removal was not filed until November 13, 2002, the Plaintiff contends that the notice was not filed within the applicable limitations period.[31]

In response to that argument, S.B. Trucking and Jackson contend that the Notice of Removal was timely because they were not served until October 23, 2002, and the Notice of Removal was filed within thirty days of that date.[32] According to the Defendants, this Court should disregard the September 14, 2002 service on Hi Performance because Hi Performance failed to exercise its removal right within the thirty day period before S.B. Trucking and Jackson were served, and it would be unfair to bind an "un-served defendant to a previously served defendant's decision or neglect in failing to timely remove the case to Federal Court."[33]

The Plaintiff next argues that remand is appropriate because the Notice of Removal fails to indicate the status of Hi Performance.[34] According to the Plaintiff, the complete absence of any allegations concerning Hi Performance renders 28 U.S.C.

---

**24.** *See generally* Hi Performance's Answer and Affirmative Defenses (Doc. No. 4).

**25.** *See* Doc. No. 26 at 2; *see also* Suggesting of Bankruptcy (Doc. No. 24).

**26.** *See generally* Doc. No. 17.

**27.** *See generally* Doc. No. 18.

**28.** Section 1447(c) provides as follows:
A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, includ-

ing attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The state court may thereupon proceed with such case.
28 U.S.C. § 1447(c).

**29.** *See generally* Docs. No. 17 and 18.

**30.** *See id.* at 3–5; *See also* Doc. No. 18 at 4–6.

**31.** *See id.; See also* Doc. No. 18 at 4–6.

**32.** *See* Doc. No. 26 at 4–6.

**33.** *Id.* at 5 (internal citations and quotations omitted).

**34.** *See* Doc. No. 17 at 5–9; *see also* Doc. No. 18 at 6–11.

§ 1441 unavailable as a possible basis for removal because under that provision all the Defendants must consent to removal.[35]

In response, S.B. Trucking and Jackson argue that the consent of Hi Performance is unnecessary because that Defendant is merely a "nominal" or "formal" party to this litigation.[36] Alternatively, the Defendants argue that Hi Performance may timely consent to the Notice of Removal because a petition for removal is timely where all of the defendants who are required to join or consent, do so within thirty days of receipt of the notice.[37] In that connection, the Defendants state as follows:

> In this case, JACKSON and S.B. TRUCKING filed their Notice of Removal on November 13, 2002, and consent by HI–PERFORMANCE would ordinarily be required no later than December 13, 2002. However, Defendant JACKSON d/b/a S.B. TRUCKING filed a Voluntary Petition for Bankruptcy on December 11, 2002, prior to the commencement [sic] of this 30–day period. This action, as well as any applicable limitations periods, is therefore tolled until such time that the Plaintiff obtains relief from the automatic stay imposed

by § 362(a)[38] of the U.S. Bankruptcy Code.[39]

S.B. Trucking and Jackson additionally claim that Hi Performance has consented to removal by formally demanding, on December 17, 2002, that Jackson and S.B. Trucking tender Hi Performance a defense against the Plaintiff's claim.[40] According to S.B. Trucking and Jackson, "[u]pon execution and approval of substitution of counsel for HI–PERFORMANCE, the [defense counsel for S.B. Trucking and Jackson] will proceed as counsel of record for all named Defendants in this matter. As such ... [defense counsel for S.B. Trucking and Jackson] has obtained consent to removal of all named Defendants."[41]

The Plaintiff's final argument for remand is that the Defendants have not satisfactorily established diversity of citizenship.[42] In that regard, the Plaintiff states as follows:

> It is Plaintiff's contention that the Defendant, S.B. TRUCKING COMPANY, is a corporation ...If S.B. TRUCKING COMPANY is a corporation, as alleged by the Plaintiff and unrefuted by the Defendants, the Defendants have not established the corporate citizenship of

---

**35.** *See id.; see also* Doc. No. 18 at 6–11.

**36.** *See* Doc. No. 26 at 6–9.

**37.** *See id.* at 9–10.

**38.** Section 362(a) of the Bankruptcy Code, 11 U.S.C. § 362(a), provides, in pertinent part: Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of -
(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other

action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

**39.** *Id.* at 9–10.

**40.** *See id.* at 10–11.

**41.** *Id.* at 11.

**42.** *See* Doc. No. 17 at 9–15; *see also* Doc. No.18 at 12–18.

S.B. TRUCKING COMPANY, as they have not specifically alleged S.B. TRUCKING COMPANY'S place of incorporation and its principal place of business.[43]

The Plaintiff emphasizes this omission because the Florida Secretary of State's records indicate that S.B. Trucking, which listed Jackson as its registered agent, was incorporated in the State of Florida as for-profit corporation until it was administratively dissolved in 2001 for failure to file an annual report.[44]

In response to that argument, S.B Trucking and Jackson argue that "S.B. TRUCKING COMPANY *is not* incorporated in any state, and exists as a trade name/ 'd.b.a' of ROBERT L. JACKSON, JR. in the State of Georgia." [45]

## IV. STANDARD OF REVIEW

The Constitution and Congress limit a federal court's jurisdiction by restricting the types of cases which the federal courts may hear. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391(1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994).

■ For this reason, statutes authorizing removal of actions to federal courts are to be strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Burns*, 31 F.3d at 1094 ("[R]emoval statutes are construed narrowly; where the plaintiff and defendant clash about jurisdiction, uncertainties are

resolved in favor of remand."). In fact, because "[f]ederal courts are of limited jurisdiction[,] ... there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir.2001) (internal citations and quotations omitted).

■ It is well established that a removing party must present facts establishing its right to remove. *See Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir.1998); *see also Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir.1996). When the defendant fails to do so, remand is favored.

■ Nevertheless, a federal court should "be cautious about remand, lest it erroneously deprive [a] defendant of the right to a federal forum." 14A Charles Wright, Arthur Miller & Edward H. Cooper, *Federal Practice and Procedure*, § 3721 at 218–19 (2d ed. 1985) ("Wright & Miller").

## V. LEGAL ANALYSIS

### A. TIMELINESS

Title 28 U.S.C. § 1446(b) provides, in relevant part:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the

---

**43.** *Id.*, ¶ 2–3 at 9–10; *see also* Doc. No. 18 at 12.

**44.** *See id.*, ¶ 14 at 13–14; *see also id.*, Ex. A.; Doc. No. 18 at 16–17; Doc. No. 26 at 12–13.

**45.** Doc. No. 26 at 12–13 (emphasis in the original).

claim for relief upon which such action or proceeding is based.

28 U.S.C. § 1446(b).

Pursuant to this limitations period, if the thirty day clock began to run on the date Hi Performance was served, then the Notice of Removal was untimely. Conversely, if the thirty period commenced on the date S.B. Trucking and Jackson were served, the Notice of Removal was timely.

The courts that have considered the timeliness issue in cases involving multiple defendants have adopted two approaches with respect to when the thirty day clock begins to run.

The first approach is referred to as the "single-date-of-removal" or "first-served" rule. *See Faulk v. Superior Indus. Int'l, Inc.*, 851 F.Supp. 457, 458 (M.D.Fla.1994); *see also Smith v. Health Ctr. of Lake City*, 252 F.Supp.2d 1336, 1341 (M.D.Fla.2003). "The single-date-of-removal rule provides that in cases involving multiple defendants, the thirty day period begins to run as soon as the first defendant is served (provided the case is then removable)." *Id.* (internal citations and quotations omitted). "Thus, if the defendant who was served first fails to remove within thirty days, a subsequently served defendant may not remove even with the first defendant's consent." *Id.* "The single date of removal rule is consistent with the trend to limit removal jurisdiction and with the axiom that removal statutes are to be strictly construed against removal." *Id.*

The second approach is referred to as the "later-served" defendant rule. *Smith*, 252 F.Supp.2d 1336, 1341. Under this rule, "a later-served defendant has thirty days from his receipt of service to remove, with the consent of the other defendants." *Id.* The later-served defendant rule re-flects the view that allowing "the initially served defendant the choice of whether to remove, but binding that decision on later-joined defendants leads to inequitable results." *Collings v. E–Z Serve Convenience Stores, Inc.*, 936 F.Supp. 892, 895 (N.D.Fla.1996) (citing Wright & Miller, *supra*, § 3732 at 531–32 (2d ed.1985)). Specifically, the later-served defendant rule seeks to prevent the following result obtained under the first-served rule:

> [W]hen some of the defendants are served after the first defendant served has waived the removal right by not exercising it within the statutory period, the subsequently served defendants are deprived of the opportunity to persuade the first defendant to join in the notice of removal.

Wright & Miller, supra, § 3732 at 339 (3rd ed.1998).

This Court's research indicates that two decisions in the Middle District of Florida have adopted the "single-date-of-removal" or "first-served rule." *See Faulk*, 851 F.Supp. 457 at 457–59; *see also Smith*, 252 F.Supp.2d 1336, 1341–46. However, unlike the case at hand, in both of those cases the removing defendants were all served within the thirty day removal period so that no defendant was barred by an earlier served defendant's failure to remove. *See Faulk*, 851 F.Supp. 457 at 459; *see also Smith*, 252 F.Supp.2d 1336, 1346. In other words, when the later-served defendants were served they still had time under the "first-served" rule to obtain the consent of other defendants and file a removal notice.

Although it would ordinarily be appropriate for this Court to make a determination as to whether the "first-served" or "later-served" rule applies in this situation, where two of the defendants were served

after the removal period had expired for the first served defendant, this Court declines to reach that issue because another facet of the Plaintiff's Motion to Remand is well-grounded, and proves fatal to the Notice of Removal. *See Scialo v. Scala Packing Co., Inc.,* 821 F.Supp. 1276, 1278 (N.D.Ill.1993) (declining to decide whether "later-served" or "first-served" rule applies because another "facet" of plaintiff's Motion to Remand was "well-grounded" and "fatal to the ... attempt to remove"); *see also* Wright & Miller, *supra,* § 3732 at 339 n. 75 (3d ed.1998).

## B. CONSENT

### 1. *Generally*

 "[T]he law is well settled that in cases involving multiple defendants all defendants must consent to the removal of a case to federal court." *Russell Corp. v. Am. Home Assurance Co.,* 264 F.3d 1040, 1049 (11th Cir.2001); *In re Bethesda Mem'l Hosp.,* 123 F.3d 1407, 1410 (11th Cir.1997) ("The failure to join all defendants in the petition is a defect in the removal procedure"); *In re Ocean Marine Mut. Prot. & Indem. Assoc., Ltd.,* 3 F.3d 353, 355–356 (11th Cir.1993) (accord); *In re Fed. Sav. & Loan Ins. Corp.,* 837 F.2d 432, 434 (11th Cir.1988) ("In cases involving multiple defendants, all defendants must consent to removal under section 1441(a)"). This rule is often referred to as the unanimity requirement. *See Russell Corp.,* 264 F.3d 1040 at 1044. "Like all rules governing removal, [the] unanimity requirement must be strictly interpreted and enforced because of significant federalism concerns arising in the context of removal jurisdiction." *Id.*

### 2. *Application to this Case*

 Under the unanimity requirement, to effect removal "each defendant must join in the removal by signing the notice of removal or by explicitly stating for itself its consent on the record, either orally or in writing, within the 30–day period prescribed in 28 U.S.C. § 1446(b)." *Nathe v. Pottenberg,* 931 F.Supp. 822, 825 (M.D.Fla. 1995); *Smith v. Health Ctr. of Lake City,* 252 F.Supp.2d 1336, 1339 (M.D.Fla.2003) ("To show that all defendants have consented to removal, and thus, that the rule of unanimity has been followed, courts have held that the removing defendant must do more than simply state in the removal notice that all defendants consent to removal"); *but see Jasper v. Wal–Mart Stores, Inc.,* 732 F.Supp. 104, 105 (M.D.Fla.1990) ("Additionally, all defendants served at the time of filing the petition, must join in the removal petition; the petition must be signed by all defendants or the signer must allege consent of all defendants").

 In this case, the record reflects that Hi Performance did not join the Notice of Removal (Doc. No. 1) within the required 30 days. This is the case whether the thirty day count began the day after Hi Performance was served (September 14, 2002), which places the deadline on Monday, October 14, 2002,[46] or the day after S.B. Trucking and Jackson were served (October 23, 2002), which places the deadline on Friday, November 22, 2002.[47] Moreover, this is the case even when factoring in the Chapter 13 Bankruptcy filing on December 11, 2002. Indeed, assuming, without deciding, that the automatic stay

---

**46.** Commencing the thirty day count the next day, the Notice of Removal reflecting Hi Performance's consent was due on Monday, October 14, 2002.

**47.** Commencing the thirty day count the next day, the Notice of Removal reflecting Hi Performance's consent was due on Friday, November 22, 2002.

tolls the 30–day removal period under 28 U.S.C. § 1446(b), since the 30–day period had already expired on the date of the bankruptcy filing, the bankruptcy petition is irrelevant. Simply stated, even under the most generous deadline of November 22, 2002, the Defendant, Hi Performance, did not indicate its consent to removal to this Court.

It is important to note that this defect is not cured by the fact that Hi Performance filed an Answer and Affirmative Defenses in this Court on November 13, 2002. *See Nathe*, 931 F.Supp. 822 at 825 ("This defect in the removal notice is not cured by ... filing an answer"). Moreover, this defect is not cured by the fact that the defense counsel for S.B. Trucking and Jackson expects to represent Hi Performance in the near future. *See Smith*, 252 F.Supp.2d 1336, 1340 n. 8. The Notice of Removal was signed by S.B. Trucking and Jackson's counsel only on behalf of S.B. Trucking and Jackson. "This ... is insufficient to show that all defendants consented to removal." *Id.* (recognizing that although all three defendants are now represented by the same counsel who filed the Notice of Removal, where counsel only represented one defendant at the time the Notice of Removal was filed, the Notice was insufficient to show that all defendants consented to removal).

Accordingly, unless an exception applies, or alternatively, this Court allows the Defendants to correct this deficiency, this cause must be remanded to the state court for all further proceedings.

### 3. Exceptions

There are three exceptions to the unanimity rule; namely: "(1) the non-consenting defendants had not been served with process at the time the notice of removal was filed; (2) the unconsenting defendants are nominal or formal defendants; or (3) removal is pursuant to § 1441(c)." [48] *Bradwell v. Silk Greenhouse, Inc.*, 828 F.Supp. 940, 943 n. 2 (M.D.Fla.1993).

■ In this case, the non-consenting [49] defendant had been served with process at the time the Notice of Removal was filed. Furthermore, as noted above, the Notice of Removal was not executed pursuant to 28 U.S.C. § 1441(c). Accordingly, the Court need only consider whether Hi Performance is a nominal or formal party.

■ In general "nominal or formal parties, being neither necessary nor indispensable, are not required to join in the petition for removal." *Smith v. Health Ctr. of Lake City*, 252 F.Supp.2d 1336, 1339 n. 5 (M.D.Fla.2003) (quoting *Tri–Cities Newspapers, Inc. v. Tri–Cities Printing Pressmen and Assistants' Local 349, Int'l Printing Pressmen and Assistants' Union of N.A.*, 427 F.2d 325, 327 (5th

**48.** Title 28 U.S.C. § 1441(c) provides as follows:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, in its discretion, and remand all matters in which State law predominates.

**49.** It is clear that Hi Performance is a non-consenting Defendant in this case. When it was served with the Plaintiff's Complaint, Hi Performance failed to file a Notice of Removal within the thirty day period provided by 28 U.S.C. § 1446(b). Subsequently, after S.B. Trucking and Jackson were served, Hi Performance failed to join in their Notice of Removal. To date, this Court has received no indication that Hi Performance consents to removing this case to the Middle District of Florida.

Cir.1970)).[50]

■■■ "The ultimate test of whether the ... defendants are ... indispensable parties ... is whether in the absence of the [defendant], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to plaintiff." *Smith,* 252 F.Supp.2d 1336, 1339 n. 5 (internal citations and quotations omitted). Whether a party is necessary or indispensable "depends on the facts in each case." *See Tri–Cities Newspapers, Inc.,* 427 F.2d 325 at 327 (internal citations and quotations omitted).

■■■ The record reflects that Hi Performance entered into a thirty month agreement with S.B Trucking and Jackson for the lease of the tractor-trailer involved in this incident. *See* Doc. No. 26 at 7–9. Under Florida law, a lessor "who authorizes and permits an instrumentality that is peculiarly dangerous in its operation to be used by another on the public highway is liable in damages for injuries to third persons caused by the negligent operation of such instrumentality on the highway by one so authorized by the owner." *Ady v. Am. Honda Fin. Corp.* 675 So.2d 577, 580 (Fla.1996) (quoting *Southern Cotton Oil Co. v. Anderson,* 80 Fla. 441, 86 So. 629, 638 (1920)). This is known as the dangerous instrumentality doctrine, which "seeks to provide greater financial responsibility to pay for the carnage on our roads." *Id.* "It is premised on the theory that one who originates the danger by entrusting [a vehicle] ... to another is in the best position to make certain that there will be adequate resources with which to pay the damages caused by its negligent operation." *Id.* "The dangerous instrumentality doctrine is unique in Florida and has been applied with very few exceptions." *Id.*

In light of the dangerous instrumentality doctrine, this Court finds that Hi Performance does not meet the test for a nominal or formal party. In other words, in the absence of Hi Performance, this Court finds that it could not enter a final judgment consistent with equity and good conscience which would not be in any way unfair or equitable to the Plaintiff.[51] Ac-

---

**50.** The Eleventh Circuit adopted as its precedent all decisions of the former Fifth Circuit handed down before October 1, 1981. *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

**51.** This Court reaches this conclusion despite the Defendants' assertion that Hi Performance is immune from liability pursuant to Fla. Stat. § 324.021(9)(b)(1), which provides that:

(b) *Owner/lessor.*—Notwithstanding any other provision of the Florida Statutes or existing case law:
1. The lessor, under an agreement to lease a motor vehicle for 1 year or longer which requires the lessee to obtain insurance acceptable to the lessor which contains limits not less than $100,000/$300,000 bodily injury liability and $50,000 property damage liability or not less than $500,000 combined property damage liability and bodily injury liability, shall not be deemed the owner of said motor vehicle for the purpose of determining financial responsibility for the operation of said motor vehicle or for the acts of the operator in connection therewith; further, this subparagraph shall be applicable so long as the insurance meeting these requirements is in effect. The insurance meeting such requirements may be obtained by the lessor or lessee, provided, if such insurance is obtained by the lessor, the combined coverage for bodily injury liability and property damage liability shall contain limits of not less than $1 million and may be provided by a lessor's blanket policy.

First, Hi Performance did not allege Fla. Stat. § 324.021(9)(b) as a defense in its Answer and Affirmative Defenses. *See generally*

cordingly, this Court must remand this cause unless the law allows the Defendants to correct the Notice of Removal to reflect the consent of Hi Performance.

### 4. Correction of Deficiencies

 In general, "[d]eficiencies in the notice of removal can be corrected within the thirty day time period; however, once the thirty day time period has elapsed the notice of removal may be amended only to set out more specially grounds of removal that already have been stated, albeit, imperfectly in the original petition." *Bradwell v. Silk Greenhouse, Inc.*, 828 F.Supp. 940, 943 (M.D.Fla.1993); *see also Denton v. Wal–Mart Stores, Inc.*, 733 F.Supp. 340, 341 (M.D.Fla.1990) ("Assuming that a petition for removal is properly filed, it may be amended freely only within the statutory period of thirty days from service of the complaint. Thereafter, it may be amended only to set forth more specifically grounds for removal which were stated imperfectly in the original petition"); *Alexander By Alexander v. Goldome Credit Corp.*, 772 F.Supp. 1217, 1221 (M.D.Ala.1991) ("Once the initial thirty-day period for removal set forth in 28 U.S.C. § 1446(b) has expired, however, the notice of removal may be amended only to set out more specifically grounds for removal that already have been stated, albeit imperfectly, in the original petition") (quoting Wright & Miller, supra, § 3733 at 537 (2d ed.1985)).

In this case, the thirty day period for removal set forth in 28 U.S.C. § 1446(b) has expired.[52] Accordingly, the Defendants can only amend their petition if indicating the consent of a co-defendant falls within the narrow purview of setting out more specifically grounds of removal that already have been stated, albeit imperfectly, in the original petition.

This Court finds that it does not. "The absence of allegations that all defendants

Hi Performance's Answer and Affirmative Defenses (Doc. No. 4). Second, there is not sufficient evidence in the record indicating that Hi Performance required the legal minimum insurance coverage pursuant to the terms of its lease agreement. Finally, there is not sufficient evidence in the record indicating that S.B. Trucking and Jackson maintained such insurance. Based on the foregoing, this Court cannot say that the Plaintiff is incapable of establishing a cause of action against Hi Performance in state court.

52. In their Memorandum in Opposition to the Plaintiff's Motion to Remand (Doc. No. 26) S.B. Trucking and Jackson argue that the thirty day period for making corrections has not expired because a Notice of Removal may be corrected at any time within thirty days after its filing. *See id.* at 9–10. Under this scenario, the removal petition could have been amended freely up until December 13, 2002. *See id.* at 9. This date is important in light of the Defendants' contention that the December 11, 2002 bankruptcy filing tolled any applicable limitations period.

After researching this issue, this Court rejects this argument. The case law is clear that a Notice of Removal may be amended freely only within the statutory period of thirty days from service of the complaint. *See Denton v. Wal–Mart Stores, Inc.*, 733 F.Supp. 340, 341 (M.D.Fla.1990); *see also Newman v. Spectrum Stores, Inc.*, 109 F.Supp.2d 1342 (M.D.Ala.2000) ("The court observes that the notice of removal required by section 1446(b) may be amended freely by the defendant prior to the expiration of the thirty-day period for seeking removal"); *Alexander By Alexander v. Goldome Credit Corp.*, 772 F.Supp. 1217, 1221 (M.D.Ala.1991) (accord). Thereafter, the Notice of Removal "may be amended only to set forth more specifically grounds for the removal which were stated imperfectly in the original petition." *Denton*, 733 F.Supp. 340 at 341 (internal citations and quotations omitted). In this case, S.B. Trucking and Jackson were served on October 23, 2002. This places the amendment deadline on Friday, November 22, 2002. Hence, the time for amending the removal petition has clearly expired.

consent to removal is a substantive, rather than technical defect," and thus, "the notice of removal may not be amended following the thirty day period to include such an allegation." *Alexander by Alexander,* 772 F.Supp. at 1221–1222; *see also Ross v. Thousand Adventures of Iowa, Inc.,* 163 F.Supp.2d 1044, (S.D.Iowa 2001) ("Whether a removing defendant mentions joinder or other defendants in an original notice of removal goes beyond matters of form. It is an important issue which should be noted in an original notice of removal"); *Bellone v. Roxbury Homes, Inc.,* 748 F.Supp. 434, 437 n. 1 (W.D.Va. 1990) (denying defendant's request to amend petition to allege consent to removal of co-defendant who had not joined petition when it was originally filed because thirty day time period had expired, and such an amendment was not the "minor amendment that is allowed").

## C. DIVERSITY JURISDICTION

In this case, S.B. Trucking and Jackson based their Notice of Removal on diversity jurisdiction.[53] *See generally* Notice of Re-

moval (Doc. No. 1). The record reflects, however, that the Plaintiff and S.B. Trucking might have the same State of citizenship; namely, Florida.

It is undisputed that S.B. Trucking was a Florida corporation until it was administratively dissolved on September 21, 2001. *See* Doc. No. 26 at 11–13. It is also undisputed that since that time Jackson has continued to utilize the name, S.B. Trucking in the operation of his business in the State of Georgia. *See id.* at 12. In fact, at the time of the accident at issue, which occurred on a Florida highway, and at the time this action was initiated, Jackson was operating under the trade name, S.B. Trucking. *See id.* This is problematic from a jurisdictional standpoint because under Florida law "a dissolved corporation continues its corporate existence." Fla. Stat. § 607.1405.

Although it might otherwise be appropriate for this Court to make a determination as to the citizenship of an inactive corporation[54], this Court declines to reach that issue because, as explained in §§ V A.

**53.** A district court has original jurisdiction over cases in which the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a) & (a)(1). For purposes of this statute, a corporation is "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *Id.* at (c)(1).

**54.** While the Eleventh Circuit has never passed on this issue, "three Circuit Courts of Appeals have had occasion to address the issue of an inactive corporation's citizenship." *Dunkle v. Denko,* 1997 U.S. Dist. Lexis 16412, *5 (N.D.Fla. August 12, 1997); *see also Flynn v. Teak Assoc. Invs. # 2, Inc.,* 98 F.Supp.2d 1081 (E.D.Mo.2000) (comparing and contrasting the Second, Third, and Fifth Circuit analysis of the citizenship of an inactive corporation); Wright & Miller, *supra,* § 3624 (2d ed.

Supp.2002). The Second Circuit Court of Appeals has determined that an inactive corporation is a citizen of its state of incorporation and the place it last transacted business. *See Wm. Passalacqua Builders, Inc. v. Resnick Developers S., Inc.,* 933 F.2d 131, 141 (2d Cir. 1991). The Third Circuit Court of Appeals has determined that an inactive corporation has no principal place of business, and is instead a citizen only of its state of incorporation. *See Midlantic Nat'l Bank v. Hansen,* 48 F.3d 693, 696 (3rd Cir.1995). The Fifth Circuit Court of Appeals has determined that the location of an inactive corporation's last business transaction is relevant to determining its citizenship, but is not dispositive, especially when a corporation has been inactive for a substantial period of time. *Harris v. Black Clawson Co.,* 961 F.2d 547, 551 (5th Cir.1992). In the Northern District of Florida, where a corporation is inactive and has been dissolved before litigation is initiated,

& B. of this Order, another "facet" of the Plaintiff's Motion to Remand is "well-grounded", and proves "fatal" to the Notice of Removal. *Scialo v. Scala Packing Co., Inc.,* 821 F.Supp. 1276, 1278 (N.D.Ill. 1993); *see also* Wright & Miller, *supra,* § 3732 at 339 n. 75 (3d ed.1998).

At the very least, however, this Court notes that the former status of S.B. Trucking raises grave questions about whether this Court can properly exercise subject matter jurisdiction over this matter.

### D. THE AUTOMATIC STAY AND REMAND

■ Because S.B. Trucking and Jackson filed for bankruptcy on December 11, 2002, this Court must address whether the automatic stay imposed under 11 U.S.C. § 362 prevents this Court from remanding this improperly removed action.

The Plaintiff's Motion to Remand (Doc. No. 17) calls into question this Court's jurisdiction. As such, this Court "finds the automatic stay does not leave this court helpless to remand an improperly removed action." *Brown v. General Motors Corp.,* 2001 U.S. Dist. Lexis 8457, *3 (N.D. Ill. June 18, 2001). This decision conforms with those of other courts, which have held that "a district court may remand a civil action removed on the basis of diversity jurisdiction when one of the debtor-defendants filed a post-removal bankruptcy petition, regardless of the automatic stay provision." *Id.* at *2; *see also County of Cook v. Mellon Stuart Co.,* 812 F.Supp. 793, 798 n. 3 (N.D.Ill.1992) (holding that a "subsequent bankruptcy filing and resulting stay under section 362 of the Bankruptcy Code,

the corporation is deemed to be a citizen only of its state of incorporation. *See Dunkle,*

11 U.S.C. § 362, do not prevent this court from remanding an improperly removed action"); *Baxter Healthcare Corp. v. Hemex Liquidation Trust,* 132 Bankr. 863, 867 (N.D.Ill.1991) (finding that remand to state court was proper where a case was improperly removed under the bankruptcy removal statute despite automatic stay imposed under 11 U.S.C. § 362).

### E. ATTORNEY'S FEES AND COSTS

The Plaintiff seeks attorney's fees and costs associated with her Motion for Remand (Doc. No. 17) pursuant to 28 U.S.C. § 1447(c). That subsection provides that an order remanding a case to the state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

■ In the Middle District of Florida, whether "to award fees and costs under [28 U.S.C. § 1447(c) ] is within the Court's sole discretion." *Smith v. Health Ctr. of Lake City,* 252 F.Supp.2d 1336, 1346 (M.D.Fla. 2003); *Martin v. Mentor Corp.,* 142 F.Supp.2d 1346, 1349 (M.D.Fla.2001) ("The award of attorney's fees and costs under this section is discretionary with the trial court").

■ At this juncture, the Court declines to award attorney's fees and costs because the Plaintiff has not obtained relief from the automatic stay imposed under § 362 of the Bankruptcy Code, and this Court questions whether it has the authority to enter a judgment against S.B. Trucking and Jackson for their pre-petition court filings. In addition, this Court

1997 U.S. Lexis 16412, *5–6.

is reluctant to order such relief because the record reflects that the Defendants' efforts to remove to federal court were reasonable in that they were not without some basis in law, and there was no binding Eleventh Circuit authority to the contrary. *See Smith*, 252 F.Supp.2d at 1346 (declining to award attorney's fees and costs where a reasonably objective basis for removal was present and there was no Eleventh Circuit precedent on point with respect to the issues raised in the petition for removal); *Clegg v. Bristol–Myers Squibb Co.*, 285 B.R. 23, 38 (M.D.Fla.2002) (noting that it is the best approach is to decline to award attorney's fees and costs where removal efforts were not without some basis in law and there is no Eleventh Circuit precedent on point with respect to the issues raised in the petition for removal); *Martin*, 142 F.Supp.2d 1346 at 1349 (declining to award attorney's fees and costs because the "Defendant acted reasonably based on information available at the time of removal").

## VI. CONCLUSION

Based on the foregoing, it is **ORDERED** that:

1. The Plaintiff's, Karen S. Diebel, December 12, 2002 Motion to Remand and for Award of Attorney's Fees and Costs (Doc. No. 17) is **GRANTED IN PART** and **DENIED IN PART.** Insofar as the Plaintiff moved for remand, the Motion is **GRANTED.** Insofar as the Plaintiff moved for attorney's fees and costs, the Motion is **DENIED.**

2. This case is hereby **REMANDED** to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida. The clerk shall take all necessary steps to effectuate this remand including forwarding a certified copy of this Order to that court.