Gladys Ortiz **KENNEDY** Plaintiff,

v.

**HEALTH OPTIONS, INC., Defendant.**

No. 03–81096–CIV.

United States District Court,
S.D. Florida.

July 21, 2004.

Richard Mark Benrubi, Liggio, Benrubi & Williams, West Palm Beach, FL, for Plaintiff.

Daniel Alter, Bunnell, Woulfe, Kirschbaum, Keller et al., Fort Lauderdale, FL, for Defendant.

## ORDER ON MOTION TO REMAND

MIDDLEBROOKS, District Judge.

THIS CAUSE comes before the Court upon Plaintiff's Motion for Remand (DE 14). Defendant Health Options, Inc. ("Health Options") filed a Response in Opposition to Plaintiff's Motion for Remand (DE 15). Plaintiff filed a Reply (DE 18). The Court has reviewed the submissions and is fully informed in the premises. While there are other motions pending before the Court in the above captioned action, the Court must decide the Motion to Remand first, as it involves the Court's subject matter jurisdiction.

Plaintiff filed this action in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County ("state court"). Defendant provided Plaintiff with health insurance coverage pursuant to a policy she purchased. Compl. ¶ 4. Plaintiff alleges that Defendant decided to prematurely release her to her home from the hospital twice, which caused her injuries for which she now seeks relief. Compl. ¶ 10, 11. Plaintiff's Complaint includes two counts, a Breach of Contract claim and a Breach of Fiduciary Duty claim.

Compl. ¶ 16, 21. Defendant removed this action on the basis that the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and federal officer jurisdiction pursuant to 28 U.S.C. § 1442(a)(1). Petition for Removal ¶ 3. Defendant argues that Plaintiff's claim "arises under" the Medicare Act, 42 U.S.C. § 1395 et seq. Petition for Removal ¶ 4. In addition, Defendant argues that removal is proper pursuant to 28 U.S.C. § 1442(a)(1) where Defendant took or is taking direction of a federal agency and officer. Petition for Removal ¶ 12. Plaintiff's Motion to Remand argues that the Court has no subject matter jurisdiction where Plaintiff has pled only state tort and contract claims. Mot. ¶ 5.

■ An action filed in state court may be removed to federal court if the claim arises under federal law. *Beneficial National Bank v. Anderson*, 539 U.S. 1, 6, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003)(*citing* 28 U.S.C. § 1441(b)). The court must begin its analysis with the "well pleaded complaint" rule whereby the court looks to plaintiff's complaint at the time of removal to determine if the claims alleged arise under federal law. *Id.* "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Id.* There is no federal claim affirmatively alleged in the instant case.

■ There are two scenarios in which a complaint that alleges only state claims may be properly removed to federal court. *Id.* at 7, 123 S.Ct. 2058. First, where Congress has expressly stated that such actions may be removed even where the complaint only asserts state law claims. *Id.* (discussing the Price–Anderson Act which expressly provided removal for torts arising from nuclear accidents). Second, a case is properly removed to federal court where "a federal statute wholly displaces the state-law cause of action through complete pre-emption (sic)." *Id.* at 8, 123 S.Ct. 2058. The latter argument is the one being made by Defendant in the instant case. Petition for Removal at 3.

■ Defendant argues that the Medicare Act preempts Plaintiff's state law Complaint. Petition for Removal at 3. To determine if Plaintiff's case falls within the "narrow exception" of complete preemption, the Court must determine if "Congress has so fully legislated an area of law such that a plaintiff's state law claims filed in state court are 'necessarily federal in character.'" *See Ervast v. Flexible Products Co.*, 346 F.3d 1007, 1012 (11th Cir.2003)(*citing Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)). Defendant argues that Plaintiff's claims are so inextricably intertwined with a claim for entitlement to medicare benefits that her claims arise under the Medicare Act. Opposition at 3. Defendant's argument is based on one of two tests for complete preemption articulated in *Ringer*. *Id.* at 4–5(*citing Heckler v. Ringer*, 466 U.S. 602, 614–15, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984)). The second *Ringer* test is if a claim is "inextricably intertwined" with a claim for Medicare benefits, it thereby arises under the Medicare Act. *Ringer*, 466 U.S. at 614–15, 104 S.Ct. 2013. The Supreme Court in *Ringer* found that the plaintiffs' claims for declaratory and injunctive relief that a certain procedure should be covered by Medicare was "inextricable intertwined" with a claim for Medicare benefits. *Id.*

■ Plaintiff in the instant case is not seeking declaratory or injunctive relief regarding Medicare benefits. Plaintiff is not seeking reimbursement of wrongly denied benefits. Rather, she seeks damages which she alleges resulted from Defendant's denial of medical care where she

was prematurely discharged from the hospital and Defendant failed to provide adequate care at home. Plaintiff fell in her home the very day she was discharged from the hospital. Plaintiff is not bringing a claim alleging that Defendant must cover a certain procedure either prospectively or retroactively. The Court is not persuaded by Defendant's argument that Plaintiff's claims are inextricably intertwined with a claim for Medicare benefits where Plaintiff's claims do not include a claim for Medicare benefits.

The damages sought by Plaintiff are similar to those sought by the plaintiffs in *Ardary.* *See Ardary v. Aetna Health Plans of California, Inc.,* 98 F.3d 496 (9th Cir.1996). In *Ardary,* plaintiffs brought state claims against defendant based on the defendant's negligence in failing to authorize airlift transportation for a Medicare beneficiary. The court stated that the plaintiff's claims were not "inextricably intertwined" where the plaintiff was "at bottom not seeking to recover benefits." *Id.* at 500 (*citing Ringer,* 466 U.S. at 614, 104 S.Ct. 2013). In *Ardary,* a family lived in a small town in California and expressed concern about emergencies which would require immediate access to sophisticated medical treatment. *Id.* at 497. The plaintiff in *Ardary* was given an assurance that defendant would authorize an immediate transport if necessary. *Id.* However, when the need arose, emergency transport was denied and the beneficiary died. The family of the beneficiary sued the defendant based on various state causes of action. *Id.* at 498. Defendant removed the case on the basis of complete preemption and moved to dismiss. *Id.* The district court granted such motion. *Id.* The Ninth Circuit reversed the district court's dismissal and remanded the case to the district court with instructions to remand the case to the state forum concluding that plaintiff's claims did not arise under the

Act. *Id.* at 499. Defendant argues that *Ardary* is not applicable to the instant case where *Ardary* did not include a breach of contract claim, but instead brought state tort law claims. Opposition at 5. While it is true that the plaintiff in *Ardary* did not bring a breach of contract claim, there is no indication in the *Ardary* court's opinion that this distinction should be dispositive. The *Ardary* court began its analysis noting that there is a "strong presumption that Congress does not intend to pre-empt state law causes of action with a federal statute." *Ardary,* 98 F.3d at 501 (*citing Medtronic, Inc. v. Lohr,* 518 U.S. 470, 116 S.Ct. 2240, 135 L.Ed.2d 700 (1996)). In addition, the *Ardary* court concluded that there was no legislative history to overcome the strong presumption against preemption. *Id.* Furthermore, the Ninth Circuit found the *Ardary* court's reasoning applicable in a case which did involve contract claims and a breach of fiduciary duty claim. *Hofler v. Aetna U.S. Healthcare of California,* 296 F.3d 764 (9th Cir.2002)(holding that plaintiff's claims did not arise under the Medicare Act where plaintiff alleged that defendant denied a beneficiary medically necessary treatment and as a result the beneficiary died).

■ Other district courts have reach similar results where plaintiffs have brought state claims based on defendant's conduct surrounding medical decisions. *Wartenberg v. Aetna U.S. Healthcare, Inc.,* 2 F.Supp.2d 273 (E.D.N.Y.1998); *Kelly v. Advantage Health, Inc.,* 1999 WL 294796 (E.D.La.1999); *Olmstead v. Beverly Enterprises–Florida, Inc.,* 1997 WL 155410 (M.D.Fla.1997); *Brogdon v. National Healthcare Corp.,* 103 F.Supp.2d 1322 (N.D.Ga.2000). In *Wartenberg,* the beneficiary was prematurely dismissed from the hospital and her nephew alleged that as a result of defendant's decision to do so his aunt died. *Wartenberg,* 2

F.Supp.2d at 275. In its discussion of *Ringer*, the *Wartenberg* court concluded that the plaintiff's claims were "collateral to a claim for benefits, since the standing of the plaintiff's claims is rooted in state law causes of action, and not the Medicare Act ..." *Id.* at 277. Furthermore, the *Wartenberg* court stated that if the court were to follow the defendant's argument "any claims by a medicare beneficiary against an HMO would arise under the Act, no matter how tenuous their connections are to a claim for reimbursement of medicare benefits." *Id.* at 278. The Court agrees with the *Kelly* court that nothing in *Ringer* "compels a reading of the phrase 'arising under' as encompassing all state law claims that relate to a denial of benefits," particularly where the claims at bar do not seek reimbursement of benefits. *See Kelly*, 1999 WL 294796 *4. The Plaintiff's claim in the instant case is not for reimbursement of medical benefits. Instead, Plaintiff seeks damages which resulted from the delay and denial of medical care. Absent a strong showing that Congress intended to completely preempt state law claims arising from the administration of Medicare benefits, the Court declines to find that Plaintiff's claims are completely preempted.

*Removal Pursuant to 28 U.S.C. § 1442(a)(1)*

■ Defendant also seeks removal on the basis of 28 U.S.C. § 1442(a)(1), which provides for removal of actions started in state court against an officer of the United States or a person acting under such an officer. Removal under this statute requires a defendant to satisfy two prongs. *Magnin v. Teledyne Continental Motors*, 91 F.3d 1424, 1427 (11th Cir.1996). First, the defendant must assert a defense arising out of his duty to enforce federal law. *Id.* Second, the defendant must establish a causal connection between the actions alleged against him and what the defendant officer did under official authority. *Id.* Defendant argues that where the coverage of benefits is being done in the course of administering a federal government health benefits plan and a federal agency has "strict and comprehensive control and oversight" over Defendant's actions, the causal connection is satisfied. Petition for Removal at 6.

■ While there are federal regulations involved in providing Medicare benefits, the presence of federal regulations does not satisfy the requirements to assert federal jurisdiction pursuant to 28 U.S.C. § 1442(a)(1). Defendant has not demonstrated that its decisions to discharge Plaintiff prematurely was performed pursuant to the direct and detailed control of an officer of the United States. *See Good v. Armstrong World Industries, Inc.*, 914 F.Supp. 1125, 1128 (E.D.Pa.1996). Asserting that a defendant's conduct is performed at the general direction of a federal agency does not rise to the level of removal based on 28 U.S.C. § 1442(a)(1). *Id.* Under Defendant's theory that federal jurisdiction arises merely from being a provider of Medicare benefits without any direct causal connection to the decision that gives rise to Plaintiff's claim, all cases brought against intermediaries who have a contract to provide such benefits would be entitled to federal jurisdiction. This conclusion is counter to the discussion above. The contractual relationship between intermediaries and the Health Care Financing Administration does not in itself constitute the direct and detailed control that is required to assert federal jurisdiction. *See Green v. Aetna U.S. Healthcare, Inc.*, 2000 WL 1229226 *2 (N.D.Cal.2000). Accordingly, removal of this action pursuant to 28 U.S.C. § 1442(a)(1) is not proper.

*Attorneys' Fees*

 In addition to asking that this case be remanded to state court, Plaintiff petitions the Court for an award of her costs and fees associated with this motion. Under 28 U.S.C. § 1447(c) "[a]n order remanding the case may require payment of just costs and any actual expenses, included attorney fees, incurred as a result of the removal." An award of attorney's fees and costs is within the discretion of the trial court. *Destel v. McRoberts Protective Agency, Inc.*, 2004 WL 746293 (S.D.Fla. 2004); *Diebel v. S.B. Trucking Co.*, 262 F.Supp.2d 1319, 1333 (M.D.Fla.2003). While it is clear that plaintiffs need not prove bad faith removal under 28 U.S.C. § 1447(c) to be awarded attorney's fees, there is no indication that a trial court should ordinarily grant an award of attorneys' fees whenever an effort to remove fails. *See Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir.1993). In the instant case, the Defendant's decision to attempt removal was an objectively reasonable one where there is some basis in the law for Defendant's arguments and there is no binding Eleventh Circuit law to the contrary. *Diebel*, 262 F.Supp.2d at 1333 (declining to award fees where defendant's petition was not without some basis in law). Therefore, the Court denies Plaintiff's request for attorneys' fees

Accordingly, after a careful review of the record and the Court being otherwise fully advised, it is hereby

ORDERED AND ADJUDGED that

1. Plaintiff's Motion to Remand (DE 14) is GRANTED;

2. This cause is remanded to the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida for all further proceedings;

3. The Clerk of Court shall take all measures necessary to remand this cause to the Clerk of State Court;

4. Plaintiff's Request for Attorneys' Fees is DENIED;

5. The Clerk of Court shall close this case; and

6. All pending motions are DENIED as moot.